## In re DALY.

(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

EMINENT DOMAIN—SPECIFIC AWARDS.

Where different parties are interested in different pieces of land comprised in a large tract, which has been condemned for public purposes, specified awards should be made for each separate piece, and not a single award for the entire tract.

Appeal from special term.

In the matter of the application of Michael T. Daly, as commissioner of public works, to acquire certain real estate. From an order of the special term confirming the report of commissioners of appraisal, Robert Koch and others appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edwin L. Kalish, for appellants.

Henry T. Dykman, for respondent.

CULLEN, J. We shall not discuss the question whether the commissioners have made an inadequate award for the land taken, as we are of opinion that the report is not in such form as to enable us properly to pass on that point. The appellants are the purchasers of lots, being part of a farm recently subdivided into building plots. It appears that, at the time the title to the lands condemned vested in the city, the appellants had not taken deeds for their lots, though they had made partial payments of the purchase moneys. The commissioners have not appraised these specific lots, but have made an award substantially for the whole farm, subject to what they term the equitable interests of the appellants. On what principle the value of such interest was determined does not appear. Plainly, the appellants were not awarded the value of the lands which they had contracted to purchase, for the award is less than the lowest valuation given by any of the witnesses for the city. The appellants' counsel asserts in his brief that the award was arrived at by giving each purchaser the same proportion of the appraised value of a lot as his payments on account of the purchase bore to the whole purchase price. Whether this was the rule adopted or not we do not know, but, if it were the rule then, we think it was erroneous. I have been unable to find in the evidence a clear statement whether the appellants were in possession of their lots or not. It is unnecessary for us to say in advance what is the true status of the purchaser of land which, before the contract of sale is carried out, is appropriated for a public use. It may be that such a purchaser is to be considered as the real owner, and the vendor as merely holding a lien for the amount of the unpaid purchase price. Or it may be that the contract of purchase falls by the destruction (if we may so term it) of the subject-matter of the contract, and that the purchaser is entitled to a return of his payments. Those questions can be determined when we have a report that properly presents the facts. Where different parties are in-

terested in different pieces of land, specific awards should be made for each separate piece, and not a single award made for a large tract, comprising the separate plots of the different parties. The order of confirmation should be reversed, the report of the commissioners, so far as it relates to the lots of the appellants, set aside, and the matter remitted to the commissioners for a new hearing and further report, with $10 costs and disbursements to the appellants. All concur.

---

### BUCHANAN v. FOSTER.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. ALIENATING HUSBAND'S AFFECTIONS.

In order to support an action by a wife to recover damages for the alienation of the affections of her husband, it must be established that the defendant has wrongfully induced the husband to abandon his wife.

2. SAME—EVIDENCE.

It seems that, in such an action, mere proof that the husband has abandoned his wife, and that during the abandonment he maintains improper relations with the defendant, is insufficient to warrant a recovery.

3. PRESUMPTIONS—FAILURE TO INTRODUCE EVIDENCE.

Unless a plaintiff makes out, at the trial, a prima facie case, the defendant is not required to introduce any proof, and his failure to do so cannot be relied on by plaintiff to establish his cause of action.

4. EVIDENCE—DECLARATIONS.

In an action for alienating a husband's affections, his declarations, not made in the presence of defendant, are inadmissible against her.

Appeal from trial term.

Action by Margaret P. Buchanan against Kate M. Foster. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

E. C. James, for appellant.

B. F. Tracy, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for the alienation of the affections of the plaintiff's husband, and inducing him to desert the plaintiff. The allegation of the complaint is that the defendant, with intent to obtain money and derive support and maintenance from the plaintiff's husband, and with the intent to injure the plaintiff, and to deprive her of the society, comfort, and aid of her said husband, by all methods, manners, and means within her power strove to alienate the affections of said husband from the plaintiff, and induce him to leave the plaintiff and reside with her. The complaint further alleges that with the intent, and for the purposes aforesaid, the defendant strove to obtain, and did obtain, a controlling influence over the plaintiff's husband, and succeeded in inducing him to illtreat and neglect the plaintiff, and to purchase various pieces of real property of great value, and to purchase and provide expensive furniture, wearing apparel, etc., for