(32 Misc. Rep. 99.)

### In re GRADE CROSSING COM'RS·OF CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County.  June, 1900.)

GRADE CROSSINGS—DAMAGES—AWARD—SETTING ASIDE.

Where, under the grade crossing act, relative to the city of Buffalo (Laws 1888, c. 345, as amended by Laws 1890, c. 255, and Laws 1892, c. 353), providing that if the grade crossing commissioners decide that, in the carrying out of any plan, property may be injured, the damages due the owner may be determined by commissioners appointed by the supreme court, it was determined that a change of the grade of a street would damage certain premises, of which plaintiff was the owner at the time of the change, but the award was made to one who acquired title thereafter under mortgage foreclosure, and to a holder of a judgment which was a lien on the premises, and plaintiff was not made a party to the proceedings, but on motion to confirm the commissioners' report, on plaintiff's motion, the award was paid into the court, to await its further order, owing to the uncertainty whether she could obtain relief in any other proceeding, plaintiff was thereafter entitled to have the award set aside, and the proceedings remitted to the commissioners, to determine the amount payable to her.

Motion by Louise W. Ruchte to be made a party to proceedings under the grade crossing act (Laws 1888, c. 345, as amended by Laws 1890, c. 255, and Laws 1892, c. 353), and to set aside an award of the commissioners.  Motion granted.

Cadwell & Barker (George H. Frost, of counsel), for the motion.
John Laughlin, opposed.

KRUSE, J.  This proceeding was instituted under the provisions of the grade crossing act, so called, which empowers the commissioners to acquire lands for the purpose of carrying out the purposes of the act.  Section 12 of the act provides, among other things, that if the commissioners shall decide it necessary, for the purpose of carrying out any plan, or modification or alteration of a plan, adopted by them, that any street shall be closed or discontinued, or that the grade of any street or portion of any street or public ground shall

be changed, and that any property may be injured thereby, for which the owners or persons interested therein are lawfully entitled to compensation, or that any land shall be taken incident to the changes of the grade of any street, or to widen any street, the commissioners, by their chairman, may apply to the special term of the supreme court for the appointment of three commissioners. It appears by the original petition presented by the commissioners in this proceeding that a plan was adopted by the commissioners, and that thereafter the commissioners decided that certain property therein specifically referred to might be injured by the change of the grade, for which the owners or parties interested therein are lawfully entitled to compensation,—among other premises, parcel No. 5, which, according to the petition, is described in two distinct and separate parcels, in the first of which the moving party, Louise W. Ruchte, claims she had some right or interest at the time when the improvement in carrying out the plan of the commissioners was made. It appears, however, that in the report of the commissioners the award was made in one sum for both pieces. The moving papers show that Louise W. Ruchte acquired title to this piece of land on the 2d day of January, 1896; that the conveyance to her was made subject to a mortgage given by the former owner, Adah A. Hyer. Louise W. Ruchte was in possession until some time in December, 1897, when her title was devested by a sale of the premises under a judgment of foreclosure of the mortgage given to Adah A. Hyer. It is claimed that, during the time that Louise W. Ruchte was the owner and in possession of the premises, the commissioners caused the grade of the street in front of the premises to be changed, and did other injury to the premises in carrying out the plan so adopted by them, and that she is entitled to the damages sustained to the premises, accruing up to the time that she ceased to be the owner thereof. The damages awarded for these two pieces, known as "Parcel No. 5," were made payable to George H. De Grood, who acquired the title under the foreclosure proceeding, and Adah A. Hyer, the holder of a judgment which was a lien upon the premises, amounting in the aggregate to the sum of $5,065. $316.08, with interest at the rate of 6 per cent. from June 19, 1898, was directed to be paid to Adah A. Hyer, and the remaining sum of $4,748.92 to George H. De Grood. Louise W. Ruchte was not made a party to the proceeding, and her attorneys were informed by counsel for the commissioners that it was unnecessary for her to be made a party; that, in all cases where there was a dispute as to the ownership of any award, it was the custom and practice to award the damages to unknown owners, and the same was then ordered paid into court, subject to the rival claims against it. And, relying upon such statements, she omitted to intervene in the proceedings. She did, however, appear upon the motion to confirm the report, and moved to amend the proceeding by adding her as a party thereto, and for an order directing the payment into court of all the award of parcel No. 5, except the amount directed to be paid to Adah A. Hyer; and it was thereupon ordered that, as regards that part of the award to parcel No. 5, it be deposited into court, to await its further order; and she moves to vacate and set aside such award,

and to remit the proceedings to the commissioners, for them to determine the amount payable to her therefrom for and on account of the damages which she claims to have sustained.

The parties opposing this application challenge the power of this court at this time to set aside the report of the commissioners, and remit the matter again to them for further hearing and determination of the matters sought to be adjudicated on behalf of the moving party; and it is claimed that the only power which the court has upon the coming in of the report of the commissioners is to confirm the same, and that upon such confirmation the special term of this court has no further authority regarding the matter. I am not convinced of the correctness of this claim. Although section 12 of the grade crossing act provides that, upon such report being filed, any party may move the court for confirmation thereof, and that it shall be confirmed, giving the right of appeal by section 14 to either party, yet courts have frequently set aside reports in similar proceedings, and refused confirmation thereof, remitting the matter to the same or other commissioners, in cases of irregularity, fraud, or mistake, not for the purpose of reviewing questions which properly are reviewable upon appeal, but to the end that the duties imposed and the power and authority granted by the order appointing such commissioners may be properly and fully and completely carried out and determined by the commissioners. In re Mayor, etc., of City of New York, 49 N. Y. 152; In re New York Cent. & H. R. R. Co., 64 N. Y. 60; In re Park Com'rs (Super. Buff.) 1 N. Y. Supp. 763; In re City of Rochester, 136 N. Y. 83, 32 N. E. 702. It is, however, claimed in opposition to this application that no good reason exists for opening this matter and remitting it again to the commissioners. It is contended that the moving party has no claim to this award, or any part of it, and that, if she has any such claim, it should be determined in an independent or collateral proceeding, inasmuch as the moneys have been paid into court. I was quite impressed with this claim. It is, however, strenuously urged upon the part of the moving party that the only tribunal created by law for the purpose of determining her rights is the commissioners, and inasmuch as she has never had a hearing before the commissioners, and no adjudication has been made by them regarding her claim, no other court or authority may do so in the first instance; that although she might not, in an ordinary proceeding, be affected by this adjudication, inasmuch as she was not made a party, yet, under the peculiar provisions of the grade crossing act, she may have no other remedy to enforce her claim, except under the provisions of that act. It is to be observed that the property itself which is the subject of claim for damages is not proposed to be taken or required by the grade crossing commissioners. The only claim is for so-called consequential damages, and, in the absence of the provisions of the statute, no such claim would exist, and it may be none can be enforced, except in the manner provided by the law which creates such a claim; and the tribunal provided for determining the damages is the commissioners appointed for that purpose. In re Grade Crossing Com'rs, 154 N. Y. 561. 49 N. E. 131. It is further claimed that this report

being confirmed, and specifically adjudging the payment of the award, which covers all damages to this property, to certain persons named other than the moving party, such an adjudication may not be attacked in a collateral or independent proceeding, and the only remedy which the moving party ·has is to be allowed to intervene and have the commissioners determine the amount of her damages, and modify the award and final order of confirmation accordingly. As regards the merits of the claim of the moving party, I do not deem it necessary to absolutely determine her rights. That consequential damages may be recovered for injuries to property adjoining the street, but not taken for the improvement, has been settled. In re Grade Crossing Com'rs, 154 N. Y. 550, 49 N. E. 127. And I think the papers show sufficient to require the submission of that question to the commissioners. If the improvements had not been made, and the injury to the adjoining property in question had not been sustained while the moving party was the owner and in possession of the land, although the plan was adopted and filed before that time, it seems that she would not be entitled to recover the damages, but in such event the person acquiring the title under the mortgage foreclosure would be entitled thereto. Magee v. City of Brooklyn, 144 N. Y. 265, 39 N. E. 87. But it may well be that under the circumstances the consequential damages sustained to the lands in question, while the moving party was the owner and in possession thereof, belong to her. King v. City of New York, 102 N. Y. 172, 6 N. E. 395; Porter v. Railroad Co., 120 N. Y. 284, 24 N. E. 454; Utter v. Richmond, 112 N. Y. 610, 20 N. E. 554. And in such a case the damage to the two distinct parcels of land should be separated, awarding to each the amount of their respective claims. In re Daly, 23 App. Div. 232, 48 N. Y. Supp. 731.

I do not deem it necessary at this time to pass upon the question, so as to definitely fix and determine the claim of the moving party. I think that she should have the opportunity to present her claim and have her rights determined, and, in view of the uncertainty of making such determination in an independent or collateral proceeding, the final order of confirmation should be vacated, as regards the award for parcel No. 5, except the part thereof awarded to Adah·A. Hyer, which all parties concede is properly payable to her, and the matter should be remitted to the commissioners, to the end that the right of the moving party for injuries sustained by her to the piece of land first described ·in said parcel No. 5 be determined by the commissioners, and the respective rights and interests of the parties to the award so made be adjusted, except such part directed to be paid to the said Adah A. Hyer. An order may be entered accordingly. Ordered accordingly.