In the Matter of the Application of THE GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO in Relation to Main Street.

THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant; THE GRADE CROSSING COMMISSIONERS and BETSEY A. WALKER et al., Respondents.

CITY OF BUFFALO — GRADE CROSSING ACT — COMMISSIONERS OF AWARD FOR INJURY FROM CHANGE OF GRADE. Under the Grade Crossing Act of the city of Buffalo, the power to measure and determine the injury, as well as to award compensation, is vested in the commissioners appointed by the court on the application of the grade crossing commissioners; and their appointment cannot be refused on the ground that the injury to abutting property, not actually taken, by a change of street grade (as, by carrying the street over a railroad subway), is apparently slight and the damages apparently of little consequence.

*Matter of Grade Crossing Commissioners*, 21 App. Div. 633, affirmed.

(Argued December 6, 1897; decided January 11, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 27, 1897, affirming an order made at Special Term overruling a demurrer to a petition of the grade crossing com-

71

missioners of the city of Buffalo, asking for the appointment of commissioners to ascertain the just compensation to be paid to the owners of lands injured by changing the grade of Main street in said city under chapter 345 of the Laws of 1888, as amended by chapter 255 of the Laws of 1890 and chapter 253 of the Laws of 1892, and appointing commissioners for the purpose aforesaid.

*Charles A. Pooley* for New York Central and Hudson River Railroad Company, appellant. An appeal lies to the Court of Appeals from the order of General Term appealed from. (*People ex rel. v. Campbell*, 152 N. Y. 51; *Peri v. N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 526; *In re De Camp*, 151 N. Y. 557; *McMahon v. Rauhr*, 47 N. Y. 72; *R. & S. R. R. v. Davis*, 43 N. Y. 137; *In re L. I. R. R. Co.*, 45 N. Y. 368.) The court has no jurisdiction herein to award consequential damages or appoint commissioners for that purpose; the improvement consists merely in a slight change of grade of the street, and for this the owners of lands fronting on the street are not lawfully entitled to compensation. (*Talbot v. N. Y. & H. R. R. Co.*, 151 N. Y. 155; *Talbot v. N. Y. & H. R. R. Co.*, 78 Hun, 473; *Folmsbee v. City of Amsterdam*, 142 N. Y. 118; *Ottenot v. N. Y., L. & W. R. Co.*, 119 N. Y. 603.)

*Spencer Clinton* for the grade crossing commissioners, respondent.

*John G. Milburn* for Charles Berrick, respondent. The order is not appealable. (Code Civ. Pro. § 190, subd. 2.) This proceeding is authorized by the Grade Crossing Act. (L. 1888, ch. 345, § 12; L. 1890, ch. 255, § 9; *In re Grade Crossing Comrs.*, 17 App. Div. 54; L. 1870, ch. 519, § 17; *Ottenot v. N. Y., L. & W. R. Co.*, 119 N. Y. 603; L. 1891, ch. 105, § 406; *Bauman v. Ross*, 167 U. S. 590.)

*Frank C. Ferguson* for Betsey A. Walker, respondent. The Grade Crossing Act itself allows compensation to be made

to an abutting owner for the injury that he has suffered by a change of grade of the street. (L. 1888, ch. 345, § 12; *In re Grade Crossing Comrs.*, 17 App. Div. 54; *In re Grade Crossing Comrs.*, 6 App. Div. 327.) The charter of the city of Buffalo provides expressly for such compensation. (L. 1891, ch. 105, § 406; *In re Grade Crossing Comrs.*, 6 App. Div. 327.) It is to be noticed that the grade crossing commissioners are not given power to decide that the abutting owners are entitled to recover damages. They are only authorized to decide, and they only have decided, that the property of such owners may be injured by the proceeding; and upon that decision they have obtained the order creating a proper constitutional tribunal to pass upon the questions of damage and amount of damage. This order is warranted in law. (*Bauman* v. *Ross*, 167 U. S. 590.)

Vann, J. In this case no land was taken for the improvement and no overhead structure was erected, but an excavation was made across Main street in the nature of a subway, in which the tracks of the railroad were laid. The excavation was covered with steel beams, upon which a paved passageway was built for use as a street. This alteration, according to the plan adopted by the grade crossing commissioners, required the grade of Main street "to be changed over the beam tunnel, commencing at a point about one hundred and fifty feet south of the tracks" of the railroad company; " thence on a four per cent grade to the tracks at an elevation of 1.67 above " the former " grade of the street; thence to a point about fifty feet north of the tracks where it meets the old grade of the street." The improvement does away with a dangerous grade crossing and furnishes a clear roadway, with a slight change of grade in front of the respondents' property.

We think this appeal is controlled by our decision in the case argued with it affecting Michigan street. (*Matter of Grade Crossing Commissioners*, 154 N. Y. 550.) The main difference between the two cases lies in the extent of the

injury, and clearly the Special Term had no power to refuse
to appoint commissioners, even if it was of the opinion that
the injury was slight, and the damages caused thereby appar-
ently of little consequence. It was its duty to appoint the
commissioners and thus create the tribunal authorized by law
to find the extent of the injury and to award damages in
accordance therewith, so that the landowner could have his
day in court before his claim was extinguished by the opera-
tion of the statute. The commissioners are required by the
Grade Crossing Act to hear the proofs and allegations of the
parties, and to report the amount of compensation to be paid
to the owners for any injury to their lands caused by making
the improvement. The statute speaks of "lands injured,"
of lands that "may be injured" and of lands "claimed to be
injured," in connection with the duty of ascertaining the com-
pensation. When it provides for the appointment of commis-
sioners, it mentions lands "which may be injured;" when it
directs the commissioners to "view" the premises, it says,
lands "claimed to be injured," but when the power of awarding
damages is conferred upon the commissioners, it is limited to
"the injury thereto;" that is, the injury actually done to the
lands. In exercising the power of eminent domain it some-
times happens that lands not taken are injured seriously,
others but slightly, and others, although near by, not at all.
When a statute authorizes compensation to be made for lands
not taken, but which may be injured, through a commission
appointed by a court of record, and directs the commissioners to
hear the parties, pass upon their claims and report the amount
of compensation, and that "all claims for damages to the prop-
erty claimed to be injured shall" thus "be extinguished," the
power to award compensation carries with it the power to
measure the injury by the rules of evidence, and to determine
whether, and to what extent, the property has been injured.
If no injury is shown, no compensation can be awarded, but
if any injury is shown, damages must be awarded in propor-
tion to its extent, whatever it may be. The application of the
grade crossing commissioners, based on their conclusion that

certain property "may be injured," simply sets in motion the legal machinery provided by the statute, and the commissioners appointed upon such application pass upon the fact of injury and assess the damages accordingly. There was no necessity of sending the question whether the lands were injured to one tribunal for determination, and the question as to the amount of the injury, if any, measured in money, to another, as both questions are necessarily involved in passing upon the claim for damages.

The order should be affirmed, with costs.

All concur.

Order affirmed.