In the Matter of the Application of THE GRADE CROSSING COM-
MISSIONERS. OF THE CITY OF BUFFALO for the Appointment of
Commissioners to Ascertain the Compensation to be Paid to the
Owners of and Parties Interested in Certain Lands on Exchange
Street in the City of Buffalo which may be Injured by the
Change of Grade of Seneca and Smith Streets, and Claimed to
be Owned by NICHOLAS BARRETT and Others.

THE GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO,
EDWARD SMITH and Other Property Owners, Appellants · THE
ERIE RAILROAD COMPANY and Others, Respondents.

*Buffalo grade crossing commissioners — question whether their petition is sufficient,
when and by whom it can be raised — who " are lawfully entitled to compensation"
for a change of grade.*

On an application by the grade crossing commissioners of the city of Buffalo
   for the appointment of commissioners to ascertain the compensation to be paid
   to the owners of lands alleged to have been injured by the improvement
   (Laws of 1888, chap. 345, § 12, as amd. by Laws of 1890, chap. 255), the rail-
   road companies interested in the application and made parties thereto may
   raise at any time the question that the petition does not state facts upon which
   an order appointing commissioners can be made.

Under section 12, above mentioned, providing for the appointment of a commis-
   sion to ascertain the compensation to be paid for injuries to property for
   which the owners thereof " are lawfully entitled to compensation," the right
   to such compensation is limited to those who were entitled to recover damages
   for a change of grade under section 406 of the charter of the city of Buffalo
   (Laws of 1891, chap. 105), viz., the owner of any house or lot fronting on the
   street the grade of which was changed, and does not extend to the owners of
   property abutting upon an intersecting street the grade of which has not been
   changed.

APPEAL by The Grade Crossing Commissioners of the city of Buffalo and others from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th day of July, 1899, dismissing their petition for the appointment of commissioners to ascertain and report the compensation to be made to certain property owners and parties interested, by reason of any injury which might result to the lands in which they were interested.

Seneca street in the city of Buffalo runs easterly and westerly. Smith street intersects it, running northerly and southerly. The tracks of the Erie railroad run northeasterly and southwesterly, and cross Smith street just south and Seneca street just east of their intersection. Exchange street runs a little northeasterly and southwesterly, intersecting Smith street at the same point that Smith street is intersected by the tracks of the Erie road. Exchange street then runs a little northeasterly to Seneca street, with which it formerly connected some distance east of the intersection of Seneca street with the tracks of the Erie road.

Pursuant to chapter 345 of the Laws of 1888, generally known as the Buffalo Grade Crossing Act, the grade crossing commissioners of the city of Buffalo promulgated a plan for abolishing the grade crossings in the city of Buffalo, and according to that plan both Smith street and Seneca street were carried across the Erie railroad tracks by viaducts. At the intersection of Seneca street and Exchange street this viaduct was so high as practically to close Exchange street at that end. At Smith street, to prevent the closing of Exchange street entirely, land was purchased upon the east of Smith street and south of Exchange street, and a road graded from the level of Exchange street up to the changed grade of Smith street, thus furnishing a means of access and exit from Exchange street to Smith street for carriages and pedestrians.

Under section 12 of chapter 345 of the Laws of 1888, as amended by chapter 255 of the Laws of 1890, the grade crossing commissioners have presented to the Special Term a petition, alleging, among other things, the foregoing facts, and further alleging that "on or about November 22nd, 1898, these commissioners decided that the property on Exchange street hereinafter described, may be injured by the change of the grade of Seneca and Smith streets,

for which the owners or parties interested therein are lawfully entitled to compensation." The property thereafter described in the petition is all property fronting upon Exchange street, and none of it is property which abuts either upon Smith street or Seneca street. The prayer of the petition is for the appointment of commissioners to determine the compensation to which such owners may be entitled.

The Erie Railroad Company, the Buffalo Creek Railway Company, the Western New York and Pennsylvania Railway Company, the New York, Chicago and St. Louis Railroad Company having been made parties to this proceeding, have filed their several answers. The matter was brought to a hearing at a Special Term of the Supreme Court in the county of Erie, before Mr. Justice LAMBERT, who found, among other things, substantially the facts hereinbefore recited, and as conclusions of law: *First*, that the property owners and persons interested in the lands described in the petition were not entitled to recover any compensation for any injury to said lands by reason of the construction and maintenance of the viaduct and approaches thereto in Seneca and Smith streets; *second*, that the property owners and persons interested in the said lands were not entitled to recover any compensation for any injury to said lands by reason of the closing of Exchange street at its intersection with Seneca street. He further finds that none of the answering railroad companies are, under the terms and provisions of their contracts made with the grade crossing commissioners, in any manner liable to any of the owners or persons interested in such lands for the damages sustained by them. Upon such decision the order was entered dismissing the petition. This appeal is taken from such order, both by the property owners and by the grade crossing commissioners. The appeal by the grade crossing commissioners has been taken to the end that no question can be raised that the merits are not properly before the appellate court, and for the protection of the interests of the city of Buffalo.

*Spencer Clinton*, for Grade Crossing Commissioners, appellants.

*Niles C. Bartholomew*, for Edward Smith, appellant.

*William L. Marcy*, for the Erie Railroad Company and Buffalo Creek Railroad Company, respondents.

*Frank Rumsey*, for Western New York and Pennsylvania Railway Company, respondent.

*John G. Milburn*, for New York, Chicago and St. Louis Railroad Company, respondent.

SMITH, J. :

This order, at the start, is assailed by the appellants as not authorized by the procedure prescribed by the Grade Crossing Act (Laws of 1888, chap. 345). The contention is that the ground of dismissal was not one of the issues raised by the answer, and upon this application the court was given authority only to determine those issues. Section 12, as amended by Laws of 1890, chapter 255, provides that an answer may be interposed by an owner of land so claimed to be injured or any one interested therein, and that upon determination of the issues made by those answers, an order may be directed for the appointment of commissioners. The respondent railroad companies, however, have been made parties to this motion. They are necessarily interested in the result. They can, therefore, at any stage of the proceeding, raise the question that the petition does not state sufficient facts upon which an order can be made. The interests of all parties require that that question be raised now; that the large expense of a long hearing before a commission may be saved, if it be determined that the appellants' injuries give no right to compensation.

The scheme of the statute seems clear and simple. If the grade crossing commissioners determine that any property *may be* injured, for which the owners are lawfully entitled to compensation, they are to institute this proceeding. The statute gives to them no power to determine any rights. The authority given is simply to initiate a proceeding, wherein all the rights of the parties are to be determined by the court. Under this interpretation of the authority given by the statute, the respondents cannot urge that the act is in this unconstitutional. If the injury to the property be such as to authorize compensation, the commissioners appointed by the court are to determine the extent of the injury. If upon the evidence no injury is shown, they will so report. The right to determine the extent of the injury involves of necessity the right to determine

whether any injury has in fact been suffered.  (*Matter of Grade Crossing Commissioners*, 154 N. Y. 561, 564.)

A single question remains.  Are the owners of property abutting upon streets intersecting a street the grade of which has been changed, entitled to compensation for the injury to that property caused by the change of grade of the intersecting street?  At common law an abutting owner upon a street, the grade of which was lawfully changed, was entitled to no compensation for his injury. In *Folmsbee* v. *City of Amsterdam* (142 N. Y. 118) Judge EARL, in writing for the court, says: "Except as some statute may provide for compensation to an abutting owner whose land is injured by a change in the grade of a street lawfully made, he is without remedy, and however serious his damages may be he can recover no compensation."  By section 406 of the charter of the city of Buffalo (Laws of 1891, chap. 105) the right to compensation for injury caused by the change of the grade of a street was given to "the owner of any house or lot fronting thereon."  At the time of the passage of the Grade Crossing Act there was no other statutory provision giving the right to compensation for injuries caused by the change of the grade of a street in the city of Buffalo.  By section 12 of the Grade Crossing Act it is provided: "If the commissioners shall decide that it is necessary for the purpose of carrying out any plan or modification or alteration of a plan adopted by them that any street shall be closed or discontinued, or that the grade of any street or portion of any street or public ground shall be changed, and that any property may be injured thereby for which the owners or persons interested therein are lawfully entitled to compensation, * * * the commissioners, by their chairman, may apply to a special term of the supreme court for the appointment of three commissioners to ascertain the compensation therefor to be paid to the owners of, or parties interested in, the land * * * which may be injured."

These appellants contend that by this act the right to compensation is given to the owners of property injured by a change of grade, although that property does not abut upon a street the grade of which has been changed.  The provision quoted is the only provision found in the statute for the ascertainment of compensation for property injured by the change of grade of a street rendered necessary by the scheme of the statute.  In this provision authority

is given to ascertain the compensation of those who are "lawfully entitled to compensation." By first impression "those lawfully entitled to compensation" are those entitled thereto by some existing provision of law. The words used would seem to negative a right to compensation in all others. Nor is there a single clause in the statute which is inconsistent with this inference. The whole statute treats consistently of the right of those whose lands are taken and of those whose lands are injured who are "lawfully entitled to compensation." The argument of appellants' counsel is that the spirit of the statute assures compensation to all those who suffer injury by reason of the necessary change of grade. If so, where is the limit to the right? No limitation is expressed in the statute. The right asserted, if existent, reaches out to any distance from the graded street where commissioners will say that the change of grade has caused any injury. But consider for a moment the magnitude of this right and liability. As a statutory right it is unprecedented. Railroad corporations appropriating lands *in invitum* are not charged compensation for such injuries. The liability thus created would exceed all liability under all former statutes. Such a vast right and liability should not be found created by inference only. The intention so to legislate should be clearly expressed. This statute appears to have been most carefully framed. If an extended liability had been contemplated it would have been expressed in no uncertain way; at least the framers would not have so phrased the statute as to negative such intent. We find in the statute no warrant for appellants' contention.

The order should be affirmed.

All concurred.

Order affirmed, with costs.