In re GRADE CROSSING COM'RS OF CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1899.)

1. MUNICIPAL CORPORATIONS—RAILROAD CROSSINGS—VIADUCTS—DAMAGES.
   Where it appears in the hearing that there is no property injured by the construction of a viaduct over a railroad crossing, for which compensation may be lawfully made, the court may dismiss the application for the appointment of commissioners to determine damages provided for by Laws 1888, c. 345, § 12, known as the "Grade Crossing Act."

2. SAME—DAMAGES TO NONABUTTING PROPERTY.
   Owners of nonabutting property injured by the change of grade of a street are not entitled to compensation therefor under Laws 1888, c. 345, § 12, providing for payment to property owners "lawfully entitled to compensation"; that provision bestowing no right to relief on persons not already entitled thereto by some existing provision of law.

Appeal from special term, Erie county.

Application of the grade crossing commissioners of the city of Buffalo for the appointment of commissioners to ascertain the compensation of parties injured by change of grade. From an order dismissing the application the board of grade crossing commissioners and Edward Smith appeal. Order affirmed.

Seneca street, in the city of Buffalo, runs easterly and westerly. Smith street intersects it, running northerly and southerly. The tracks of the Erie Railroad run northeasterly and southwesterly, and cross Smith street just south, and Seneca street just east, of their intersection. Exchange street runs a little northeasterly and southwesterly, intersecting Smith street at the same point that Smith street is intersected by the tracks of the Erie road. Exchange street then runs a little northeasterly to Seneca street, with which it formerly connected some distance east of the intersection of Seneca street with the tracks of the Erie road. Pursuant to chapter 345 of the Laws of 1888, generally known as the "Buffalo Grade Crossing Act," the grade crossing commissioners of the city of Buffalo promulgated a plan for abolishing the grade crossings in the city of Buffalo; and, according to that plan, both Smith street and Seneca street were carried across the Erie Railroad tracks by viaducts. At the intersection of Seneca street and Exchange street this viaduct was so high as practically to close Exchange street at that end. At Smith street, to prevent the closing of Exchange street entirely, land was purchased upon the east of Smith street and south of Exchange street, and a road graded from the level of Exchange street up to the changed grade of Smith street, thus furnishing a means of access and exit from Exchange street to Smith street for carriages and pedestrians. Under section 12 of chapter 345 of the Laws of 1888, as amended by chapter 255 of the Laws of 1890, the grade crossing commissioners have presented to the special term a petition alleging, among other things, the foregoing facts, and further alleging that "on or about November 22, 1898, these commissioners decided that the property on Exchange street, hereinafter described, may be injured by the changing of the grade of Seneca and Smith streets, for which the owners or parties interested therein are lawfully entitled to compensation." The property thereafter described in the petition is all property fronting upon Exchange street, and none of which is property which abuts either upon Smith street or Seneca street. The prayer of the petition is for the appointment of commissioners to determine the compensation to which such owners may be entitled. The Erie Railroad Company, the Buffalo Creek Railway Company, the Western New York & Pennsylvania Rail-

way Company, and the New York, Chicago & St. Louis Railway Company, hav-ing been made parties to this proceeding, have filed their several answers. The matter was brought to a hearing at a special term of the supreme court in the county of Erie, before Mr. Justice Lambert, who found, among other things, substantially the facts hereinbefore recited, and as conclusions of law: First, that the property owners and persons interested in the lands described in the petition were not entitled to recover any compensation for any injury to said lands by reason of the construction and maintenance of the viaduct and approaches thereto in Seneca and Smith streets; second, that the property own-ers and persons interested in the said lands were not entitled to recover any compensation for any injury to said lands by reason of the closing of Exchange street at its intersection with Seneca street. He further finds that none of the answering railroad companies are, under the terms and provisions of their contracts made with grade crossing commissioners, in any manner liable to any of the owners or persons interested in such lands for the damages sus-tained by them. Under such decision the order was entered dismissing the petition. This appeal is taken from such order both by the property owners and by the grade crossing commissioners. The appeal by the grade crossing commissioners has been taken to the end that no question can be raised that the merits are not properly before the appellate court, and for the protection of the interests of the city of Buffalo.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Spencer Clinton, for appellants grade crossing commissioners.

Niles C. Bartholomew, for appellant Edward Smith.

Moot, Sprague, Brownell & Marcy, for respondents Erie R. Co. and Buffalo Creek Ry. Co.

Frank Rumsey, for respondent Western New York & P. Ry. Co.

Rogers, Locke & Milburn, for respondent New York, C. & St. L. Ry. Co.

SMITH, J. This order, at the start, is assailed by the appellants as not authorized by the procedure prescribed by the grade crossing act. The contention is that the ground of dismissal was not one of the issues raised by the answer, and upon this application the court was given authority only to determine those issues. Section 12 pro-vides that an answer may be interposed by an owner of land so claimed to be injured, or any one interested therein, and that, upon determination of the issues made by those answers, an order is di-rected for the appointment of commissioners. The respondent rail-road companies, however, have been made parties to this motion. They are necessarily interested in the result. They can, therefore, at any stage of the proceeding, raise the question that the petition does not state sufficient facts upon which an order can be made. The interests of all parties require that that question be raised now, that the large expense of a long hearing before a commission may be saved, if it be determined that the appellants' injuries give no right to compensation. The scheme of the statute seems clear and simple. If the grade crossing commissioners determine that any property may be injured, for which the owners are lawfully entitled to compensation, they are to institute this proceeding. The statute gives to them no power to determine any rights. The authority given is simply to initiate a proceeding wherein all the rights of the parties are to be determined by the court. Under this interpreta-

tion of the authority given by the statute, the respondents cannot urge that the act is, in this, unconstitutional. If the injury to the property be such as to authorize compensation, the commissioners appointed by the court are to determine the extent of the injury. If, upon the evidence, no injury is shown, they will so report. The right to determine the extent of the injury involves, of necessity, the right to determine whether any injury has in fact been suffered. In re Grade Crossing Com'rs of City of Buffalo, 154 N. Y. 561–564, 49 N. E. 131.

A single question remains: Are the owners of property on streets intersecting, but whose property does not abut upon, a street, the grade of which has been changed, entitled to compensation for the injury to that property caused by the change of grade of the intersecting street? At common law an abutting owner upon a street, the grade of which was lawfully changed, was entitled to no compensation for his injury. In Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821, Judge Earl, in writing for the court, says:

"Except as some statute may provide for compensation to an abutting owner whose land is injured by a change in the grade in a street lawfully made, he is without remedy; and, however serious his damages may be, he can recover no compensation."

By section 406 of the charter of the city of Buffalo, the right to compensation for injury caused by the change of the grade of a street was given to "the owner of any house or lot fronting thereon." At the time of the passage of the grade crossing act there was no other statutory provision giving the right to compensation for injuries caused by the change of the grade of a street in the city of Buffalo. By section 12 of the grade crossing act it is provided:

"If the commissioners shall decide that it is necessary for the purpose of carrying out any plan, modification or alteration of a plan adopted by them that any street shall be closed, discontinued or that the grade of any street or public ground shall be changed and that any property may be injured thereby for which the owners or persons interested therein are lawfully entitled to compensation * * * the commissioners may apply to a special term of the supreme court for the appointment of commissioners to ascertain the compensation therefor to be paid to the owner of or parties interested in the land * * * which may be injured."

These appellants contend that by this act the right to compensation is given to the owners of property injured by a change of grade, although that property does not abut upon a street, the grade of which has been changed. The provision quoted is the only provision found in the statute for the ascertainment of compensation for property injured by the change of grade of a street rendered necessary by the scheme of the statute. In this provision authority is given to ascertain the compensation of those who are "lawfully entitled to compensation." By first impression, "those lawfully entitled to compensation" are those entitled thereto by some existing provision of law. The words used would seem to negative a right to compensation in all others. Nor is there a single clause in the statute which is inconsistent with this inference. The whole statute treats consistently of the right of those whose lands are taken, and of those whose lands are injured, who are "lawfully en-

titled to compensation." The argument of appellants' counsel is that the spirit of the statute assures compensation to all those who suffer injury by reason of the necessary change of grade. If so, where is the limit to the right? No limitation is expressed in the statute. The right asserted, if existent, reaches out to any distance from the graded street where commissioners will say that the change of grade has caused any injury. But consider for a moment the magnitude of this right and liability. As a statutory right, it is unprecedented. Railroad corporations appropriating lands in invitum are not charged compensation for such injuries. The liability thus created would exceed all liability under all former statutes. Such a vast right and liability should not be found created by inference only. The intention so to legislate should be clearly expressed. This statute appears to have been most carefully framed. If an extended liability had been contemplated, it would have been expressed in no uncertain way. At least, the framers would not have so phrased the statute as to negative such intent. We find in the statute no warrant for appellants' contention. The order should be affirmed.

Order affirmed, with costs. All concur.