In the Matter of the Application of the GRADE CROSSING COM-
MISSIONERS OF THE CITY OF BUFFALO, Appellants, for the
Appointment of Commissioners to Ascertain the Compen-
sation to be Paid to the Owners of, and Parties Interested
in, Certain Lands on Exchange Street in the City of Buf-
falo, which may be Injured by the Change of Grade of
Seneca and Smith Streets.

CATHERINE MEYER et al., Appellants; THE ERIE RAILROAD
et al., Respondents.

1. BUFFALO GRADE CROSSING ACT — NON-ABUTTING OWNERS ENTI-
TLED TO NO COMPENSATION FOR CHANGE OF GRADE.  Property owners,
whose lots do not abut upon streets the grade of which is changed, and
who have suffered no injury thereby except that which indirectly results
when a lawful improvement in one place leaves property in another
place outside of its benefits and less desirable, are not entitled to com-
pensation under the Buffalo Grade Crossing Act (L. 1888, ch. 345, amd. L.
1890, ch. 255), section 12 of which provides for the appointment of commis-
sioners to ascertain the compensation to be paid property owners lawfully
entitled thereto whose land may be injured by changing the grade of a
street.

2. COMPENSATION FOR CLOSING OF STREET.  Lot owners are not enti-
tled to compensation because of the closing of the street at a viaduct
where it crosses railroad tracks at grade, when a passageway around the
viaduct is provided by other streets which furnish a ready access to the
lots by a safer, if longer route.

3. PLEADING — PETITION FOR APPOINTMENT OF COMMISSIONERS.  In a
petition presented by grade crossing commissioners for the appointment
of commissioners to ascertain the compensation to be paid landowners
because of a change of grade, an allegation of the decision of such grade
crossing commissioners that the property described "may be injured
thereby for which the owners or persons interested therein are lawfully
entitled to compensation," tenders an issue in behalf of the landowners,
not upon the fact that the commissioners have, *ex parte*, so decided, but
upon the truth of their *ex parte* decision.

4. RIGHT OF RAILROAD COMPANY TO ANSWER OR DEMUR.  Railroad
companies, which, by contract with a city, have assumed substantial
parts of the cost of grade crossing improvements, and which will be
exposed to improper charges in proceedings to compensate the owners
unless they have full right to interpose every proper defense, are entitled
when parties to the proceeding, to answer or demur, although the statute
provides only for the interposition of an answer or demurrer to the peti-

tion by "any person named therein as an owner of the lands or as interested therein."

5. DETERMINATION PRELIMINARY TO APPOINTMENT OF COMMISSIONERS. Under the statute the Special Term has jurisdiction upon the presentation of a petition for the appointment of commissioners to ascertain the compensation to be paid property owners for an alleged injury by reason of change of grade, to determine the preliminary question whether such property owners are lawfully entitled to any compensation.

*Matter of Grade Crossing Comrs.,* 46 App. Div. 473, affirmed.

(Argued January 9, 1901: decided February 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 6, 1900, affirming an order of Special Term dismissing the petition of the grade crossing commissioners of the city of Buffalo for the appointment of commissioners to ascertain the compensation to be paid to Nicholas Barrett and other owners of land situated upon Exchange street in that city, for alleged injuries done to their lands by the change of grade of Seneca and Smith streets, so as to carry the same over the Erie railroad tracks instead of on grade with them as formerly.

Reference is made to the two cases in this court (*Matter of Grade Crossing Commissioners,* 154 N. Y. 550, 561) and to the cases of the same title in the Appellate Division (6 App. Div. 327; 17 id. 54), for a citation of the acts authorizing the grade crossing improvements in the city of Buffalo, and an account of the manner in which they have been carried out, and to 46 App. Div. 473, for a fuller statement of the facts of this case.

The Erie and other railroad companies interested in the grade crossing improvements in the city of Buffalo were made parties. They interposed answers in effect denying that the landowners were lawfully entitled to any compensation. The land in question does not front upon either Seneca or Smith streets. Exchange street and Smith street intersect two hundred and fifty feet distant from the lot of the appellant Barrett, his lot being the nearest to the intersection. The Erie railroad tracks cross the intersection at the present grade of

Exchange street beneath the present viaduct on Smith street over the tracks. The grade crossing commissioners and the Erie Railroad Company, in accordance with the plan of the improvement, have built fences upon both sides of the tracks, thus closing the passage through Exchange street beneath the viaduct on Smith street. Smith street has been widened on the side nearest the appellants' lots, so as to afford access from Exchange street to the viaduct on it and to Minturn and other streets, giving access to the appellants' lots.

The Special Term held that the petition should be dismissed because none of the appellants' land was taken. None of it fronted upon the portion of Exchange street that was closed, and access to it was afforded by Exchange street, and the streets with which it connected, and by the widening of Smith street.

The Appellate Division affirmed the order.

*Spencer Clinton* for grade crossing commissioners, appellants. The grade crossing commissioners are authorized to decide that the property may be injured. (L. 1888, ch. 345, amd. L. 1890, ch. 255.) The Special Term erred in not appointing the commissioners prayed for. (*Matter of Grade Crossing Comrs.*, 154 N. Y. 564.)

*Niles C. Bartholomew* for Catherine Meyer et al., appellants. The answers interposed raised no issue to be determined by the Special Term, and were unauthorized by the Grade Crossing Act. The Special Term, therefore, had neither the power nor discretion to dismiss the petition in this proceeding. (L. 1890, ch. 255, § 9.) The Special Term erred in finding as a matter of law that the property owners are not entitled to compensation for injuries to their lands by reason of the closing of Exchange street, thereby dismissing the petition in this proceeding. (*Egerer* v. *N. Y. C. & H. R. R. R. Co.*, 130 N. Y. 113 ; *K. C. Fire Ins. Co.* v. *Stevens*, 101 N. Y. 417 ; *Coster* v. *Mayor, etc.*, 43 N. Y. 414 ; *Matter of Grade Crossing Comrs.*, 154 N. Y. 552 ; *Matter of Grade Crossing Comrs.*, 154 N. Y. 564.) The Exchange

street property owners are lawfully entitled to compensation for the injuries to their property through the carrying out of the grade crossing plan, and under the Grade Crossing Act are entitled to have the same determined. (*Fearing* v. *Irwin*, 55 N. Y. 486; *Coster* v. *Mayor, etc.*, 43 N. Y. 399; *Baker* v. *Moore*, 1 Ld. Raym. 491; *Chichester* v. *Lethbridge*, Willes, 71; *Wilkes* v. *Hungerford M. Co.*, 2 Bing. [N. C.] 281; *Stetson* v. *Faxon*, 19 Pick. 154.; *Pierce* v. *Dart*, 7 Cow. 609; *Corning* v. *Lowerre*, 6 Johns. Ch. 439; *Mahady* v. *B. R. R. Co.*, 91 N. Y. 153; *Callanan* v. *Gilman*, 107 N. Y. 371.)

*William L. Marcy* for the Erie Railroad Company et al., respondents. Except as some statute may provide for compensation to an abutting owner whose land is injured by the change in the grade of a street, lawfully made, he is without remedy, and, however serious his damages may be, he can receive no compensation. (*Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118; *Matter of Grade Crossing Comrs.*, 154 N. Y. 550; *Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122; *Lahr* v. *Met. El. Ry. Co.*, 104 N. Y. 268; *Abendroth* v. *Manh. Ry. Co.*, 122 N. Y. 1; *Fobes* v. *R., W. & O. R. R. Co.*, 121 N. Y. 505; *Kane* v. *N. Y. El. R. R. Co.*, 125 N. Y. 165; *Egerer* v. *N. Y. C. & H. R. R. R. Co.*, 130 N. Y. 108; *Reining* v. *N. Y., L. & W. Ry. Co.*, 128 N. Y. 157; *City of Buffalo* v. *Pratt*, 131 N. Y. 299.) Property owners upon public streets in a municipality are not entitled to recover damages for the closing of a street authorized by the legislature, which merely affects the convenience of access to their property. (*Fearing* v. *Irwin*, 55 N. Y. 486; *Coster* v. *Mayor, etc.*, 43 N. Y. 399; *Egerer* v. *N. Y. C. & H. R. R. R. Co.*, 130 N. Y. 113; *Radcliff* v. *Mayor, etc.*, 4 N. Y. 195; Jones on Ease. chap. 550, p. 445; *K. C. F. Ins. Co.* v. *Stevens*, 101 N. Y. 411; *Moyer* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y. 351.) The determination of the grade crossing commissioners that the property described in the petition may have been injured by the erection of the viaducts in Smith and Seneca streets, is not binding upon any of the interested railroads. (*Ward* v.

*Boyce*, 152 N. Y. 191; *Matter of Trustees of Union College*, 129 N. Y. 308; *Stuart* v. *Palmer*, 74 N. Y. 183; *Remsen* v. *Wheeler*, 105 N. Y. 573.) The practice adopted in this proceeding is in conformity with the provisions of the Grade Crossing Act. (*Matter of Grade Crossing Comrs.*, 21 App. Div. 633.)

*John G. Milburn* for New York, Chicago and St. Louis Railroad Company, respondent. This proceeding cannot be maintained, because the owners of the lands in question were not lawfully entitled to compensation for any injury to their property caused by the change of the grade of Seneca or Smith streets. (*Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118; *Radcliff* v. *Mayor, etc.*, 4 N. Y. 195; *Ottenot* v. *N. Y., L. & W. Ry. Co.*, 119 N. Y. 603; *Rauenstein* v. *N. Y., L. & W. Ry. Co.*, 136 N. Y. 528; *Matter of Grade Crossing Comrs.*, 154 N. Y. 550; *Matter of Grade Crossing Comrs.*, 17 App. Div. 54.) This proceeding cannot be sustained as one for the assessment of damages caused by the closing of a part of Exchange street. (*Egerer* v. *N. Y. C. & H. R. R. R. Co.*, 130 N. Y. 113; *K. C. Fire Ins. Co.* v. *Stevens*, 101 N. Y. 417; *Coster* v. *Mayor, etc.*, 43 N. Y. 414.)

LANDON, J.    1. This court in *Matter of Grade Crossing Commissioners* (154 N. Y. 550), a case in which the grade of the street had been altered, but no land taken, rested the abutting landowners' right to compensation upon the section of the charter which provides for compensation for injuries to any house or lot fronting upon a street caused by altering the recorded grade thereof. The property here does not front upon any street whose grade has been changed. Apart from providing for compensation for land taken for the grade crossing improvements in the city of Buffalo, section 12 of the Grade Crossing Act provides, that "if the commissioners shall decide that it is necessary for the purpose of carrying out any plan or modification or alteration of a plan adopted by them, that any street shall be closed or discontinued, or that the grade of any street or portion of any street or public ground

10

shall be changed, and that any property may be injured thereby for which the owners or persons interested therein are lawfully entitled to compensation, * * * the commissioners, by their chairman, may apply to a Special Term of the Supreme Court for the appointment of three commissioners to ascertain the compensation therefor to be paid to the owners of, or parties interested in, the lands proposed to be taken or which may be injured."

This contemplates that by closing or discontinuing a street, or by changing its grade, property not taken may be injured, for which the owners or persons interested therein are lawfully entitled to compensation. This is not saying that whenever property is consequentially injured thereby the owner shall be lawfully entitled to compensation. It refers to existing grounds for lawful compensation and adds this remedy. We do not say that in no case does it enlarge the grounds and give validity to claims which otherwise would have none. It probably does include a case where part of a lot is taken and a part left if the latter is thereby injured; the part taken may have a value not only as to itself, but as giving and supporting a value in what is left, and thus the compensation to which the owner is lawfully entitled cannot be fully measured without considering both parts. (6 App. Div. 327.)

It is possible that there may be other cases where the injury is as direct and destructive of the proper uses and value of the lot as if it were actually invaded, and thus the improvement in effect may become a continual trespass. We leave this question undecided as we left it in *Matter of Grade Crossing Commissioners* (154 N. Y. 551).

We are clear that the act gives to these appellants no lawful title to compensation for injuries to their lots upon Exchange street, resulting from raising the grades of Smith and Seneca streets. Their lots do not abut upon either street; no direct injury has been done, and if any injury has resulted it is that indirect injury which sometimes follows when a lawful improvement in one place leaves property in another place outside of its benefits, and less desirable. There can be no

lawful title to compensation for such injuries. The satisfactory opinion of the Appellate Division (46 App. Div. 473) makes further discussion of this point unnecessary.

2. The remaining claim for compensation is because of the fence which closes the passage across the Erie railroad tracks on the surface of Exchange street beneath the bridge forming part of the viaduct on Smith street, thus closing Exchange street at the viaduct. This claim is not explicitly set forth in the petition, but this fencing was part of the plan adopted, and as the grade crossing commissioners, instead of the lot owners, make the petition, it should not be narrowly construed against the latter. The Special Term considered the claim, and properly rejected it. To leave this passage open would expose travelers to collision with the engines and cars upon that railroad. Its close causes them, if they wish to continue their course on Exchange street, to go to the right or left around the viaduct. Access to the appellants' lots on Exchange street is not interfered with from any direction north of the viaduct; from that part of Exchange street south of the viaduct, it must be obtained by a longer route which, at the same time, is a safer one. This deprives the appellants of no vested right and causes them no injury for which they are lawfully entitled to compensation. (*Coster* v. *Mayor, etc., of Albany*, 43 N. Y. 399, 414; *Kings Co. Fire Ins. Co.* v. *Stevens*, 101 N. Y. 417; *Egerer* v. *N. Y. C. & H. R. R. R. Co.*, 130 N. Y. 108.)

3. The decision of the grade crossing commissioners, that the property described in their petition "may be injured thereby, for which the owners or persons interested therein are lawfully entitled to compensation," justifies their presentation of the petition by which this proceeding is instituted, and its allegation therein, like a material allegation in a complaint, tenders an issue, in behalf of the landowners, not upon the fact that the commissioners have, *ex parte*, so decided, but upon the truth of their *ex parte* decision.

4. Section 12 of the statute provides that "any person named therein as an owner of the lands or as interested therein may

file an answer denying any material allegation of the petition or may demur thereto." The appellants urge that the railroad companies, respondents herein, although parties to the proceeding, because not expressly enabled by the act itself to answer or demur, have no right to do so. The city of Buffalo is also a party, and, pursuant to the act, the city and the railroad companies had, before this proceeding was instituted, entered into contracts whereby substantial parts of the cost and expense of the improvement were assumed by the railroad companies. It is plain that the railroad companies will be exposed to improper charges unless in every stage of the proceeding they have full right to every proper defense against such charges. Their right to answer, demur and defend is incident to their interest, without which their day in court would be a barren one.

5. By their answers the railroad companies accepted the issue tendered, and in substance alleged that these appellants were not "lawfully entitled to compensation" on account of any of the facts alleged, and the Special Term, upon finding the facts, so held, and dismissed the proceeding. If the Special Term was right, then the appellants are not aggrieved. The duty of the court was to appoint commissioners to ascertain the just compensation to be made to the appellants, if they were lawfully entitled to any (*Matter of Grade Crossing Commissioners*, 154 N. Y. 561), but not otherwise. No doubt the court could have appointed commissioners to ascertain the compensation to which the plaintiffs were lawfully entitled, and as they could rightfully award no other, it would be incident to their power to ascertain in the first instance, subject to correction by the court, whether the appellants were lawfully entitled to any. But the court could determine this preliminary question itself. Its jurisdiction is ample, and the act permits the appropriate procedure.

The order should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Order affirmed.