PEOPLE ex rel. CRANE v. ADAM et al., Grade Crossing Com'rs.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. HIGHWAYS—CHANGE OF GRADE—DAMAGES TO PROPERTY—DETERMINATION—POWERS OF GRADE CROSSING COMMISSIONERS.

    ·Under section 12 of the Grade Crossing Act (Laws 1888, p. 605, c. 345, as amended by Laws 1890, p. 473, c. 255), providing that, if the grade crossing commissioners decide that it is necessary to change the grade of a street, and property may be injured thereby, for which the owners may be entitled to compensation, the commissioners may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to be paid for the injury sustained, where a property owner appeared before the grade crossing commissioners, and established a prima facie case of injury to her property by a change of grade, it was error for the commissioners to produce witnesses of their own motion tending to controvert the evidence produced by the property owner, and determine that she was not entitled to relief, but they should have applied for the appointment of commissioners to determine the issues of fact in accordance with the provisions of the act.

Certiorari by the People, on the relation of Mary E. Crane, against Robert B. Adam and others, as grade crossing commissioners of the city of Buffalo, to review the action of the commissioners in refusing to grant the petition of the relator for appointment of commissioners to appraise damages sustained, due to the change of grade of certain streets under the direction of defendant commissioners. Defendants' decision reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

William B. Frye, for relator.

Spencer Clinton, for grade crossing commissioners.

SPRING, J. The petitioner is the life tenant of a lot at the intersection of Peabody and Seneca streets, in the city of Buffalo. The premises have a frontage on Peabody street of 150 and on Seneca street of 28 feet, and there are two frame cottages upon the lot. In the construction of a viaduct on Seneca street the grade in front of these premises was changed on both of these streets. The ascent to the viaduct on Seneca street commences 22.2 feet easterly from the westerly lot line on Peabody street, and in that distance the elevation is 1.1 feet, or nearly $4\frac{1}{2}$ per cent. grade. The elevation extends along the lot frontage on Peabody street for $67\frac{3}{4}$ feet, but the grade is only $2\frac{1}{2}$ per cent. These streets along this lot were substantially level before the improvement mentioned. Section 12 of the Grade Crossing Act (Laws 1888, p. 605, c. 345, amended Laws 1890, p. 473, c. 255) contemplates the payment of damages for injuries to premises by reason of the change of grade in carrying out the plan of the grade crossing commissioners. The claim of the petitioner is that the change of grade has lessened the value of her premises, and one specific item to which her proof was directed was that the surface water runs along the ramp on each street, and collects in front of her lot. The grade crossing commissioners heard the proofs presented on behalf of the relator, and which made out a prima facie case that her premises were injured to some extent by reason of the change of

grade in constructing the viaduct. The commissioners also produced witnesses of their own motion tending to controvert the position of the relator that she had sustained damages. After the hearing the commissioners denied the application of the relator. In this, we think, they erred. The investigation intended by the act to be made by the grade crossing commissioners is initiatory in its character, and is undertaken with the view of securing some basis for the application to the court for the appointment of commissioners to appraise the damages. People ex rel. Myer v. Adam, 74 App. Div. 604, 77 N. Y. Supp. 754. This court has held that the only remedy for the ascertainment and award of these damages is found in the act itself. Myer v. Adam, 63 App. Div. 540, 71 N. Y. Supp. 707, affirmed 169 N. Y. 605, 62 N. E. 1098, and same case cited above. It was not, therefore, designed that the commissioners should try and determine the merits, and thus, by their decision, perhaps cut off any relief to a lot owner whose premises had been injured by the improvements made in the execution of the plan prescribed. If the proofs adduced show that the petitioner has suffered any damages whatever, it is incumbent upon the grade crossing commissioners to set in motion the legal machinery prescribed in the act to have them appraised and awarded to her. They cannot determine the extent of those damages, nor can they refuse to make the application to the court upon the assumption that the damages are trivial. In the Matter of Grade Crossing Commissioners, 154 N. Y. 561, 49 N. E. 127, the question was raised that the Special Term could refuse to appoint commissioners to appraise the damages if the "injuries were slight, and the damages caused thereby apparently of little consequence." The Court of Appeals held the court was obliged to appoint the commissioners, and analyzed the act in support of its position. If no legal liability exists in favor of the petitioner for damages to his premises, it may be the grade crossing commissioners may decline to institute the proceeding for the creation of the tribunal to assess them. Matter of Grade Crossing Commissioners, 166 N. Y. 69–76, 59 N. E. 706. If, for instance, the injuries complained of, although due to the carrying out of the plan contemplated by the grade crossing act, arise by reason of the improvement or opening of another street, and the consequent diversion of travel from the street on which the premises injured front, probably the grade crossing commissioners could refuse to apply for commissioners on the ground that the petitioner was not "lawfully entitled to compensation." If placed upon that ground, the court could review such determination purely as a legal question. If, however, the question resolves itself into one of fact over the extent of the damages suffered, there is no authority in the grade crossing commissioners to erect an insuperable barrier to their ascertainment and award by refusing to apply for the appointment of commissioners. It is not their province to try and determine that question.

The decision of the grade crossing commissioners should be reversed, and said commissioners directed to apply to the Special Term for the appointment of commissioners to ascertain and appraise the damages, if any, sustained by the relator, with $50 costs and the disbursements of this appeal to her.

So ordered. All concur, except McLENNAN, J., not voting.