(61 Misc. Rep. 35.)

## VOGEL v. STATE.

### (Court of Claims of New York. April, 1907.)

EMINENT DOMAIN (§ 100*)—OCCUPATION OF STREET—RIGHT TO COMPENSATION.
> One owning lands on a street in a village intersected by a new state canal, whereby communication with such land is intercepted in one direction, is not entitled to damages under Laws 1903, p. 332, c. 147, where the land does not abut on the canal, and no part of it is taken.
>
> [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 100.*]

Prosecution by John Vogel of his claim against the State. Judgment for the State.

N. R. Holmes, for claimant.

William S. Jackson, Atty. Gen., and George P. Decker, Deputy Atty. Gen., for the State.

MURRAY, J. The controversy in the above claim is submitted for settlement upon an agreed statement of facts.

The court is asked the following question:

"Is the state of New York liable to claimant in any sum for damages caused by the taking and appropriation of a part of Seventh street in the village of Waterford, Saratoga county, for canal purposes, pursuant to the provisions of chapter 147, p. 332, Laws 1903?"

The law which provided for the construction of the barge canal included in its provisions authority to improve the Champlain Canal. This canal passes through the village of Waterford. In the improvement of the Champlain Canal, the state, through its designated officer, permanently appropriated, according to the act, a strip of land in said village, which crossed Seventh street and closed the street where it came in juxtaposition to the canal. Seventh street connects Broad and Middle streets in said village. The claimant's premises are on the southerly side of Broad street, at the corner of Seventh street. But the part of Seventh street appropriated by the state is not in front of or contiguous to the claimant's lot, nor did it abut thereon. These premises have been made less accessible from a southerly direction by this appropriation of land and the closing of Seventh street. But egress from and ingress to is still afforded through Broad street and other streets, though by less direct approach when coming to them by the south.

No part of the claimant's land has been taken or appropriated by the state under the provisions of the barge canal act of 1903 (Laws 1903, p. 332, c. 147). It is urged that this act provides compensation only for lands actually appropriated, and contains no provision for the payment of remote or consequential damages, that the jurisdiction of this court is limited to determine the amount to be awarded for lands and property legally appropriated, and that the canal act of 1894 (Laws 1894, p. 615, c. 338) is inapplicable. I think there is force in this contention, because there is no right given by express statute to compensate the claimant for the injuries he complains of. The Court of Appeals in a recent case (Smith v. Boston & Albany R. R. Co., 181 N. Y. 132–136, 73 N. E. 679, 680), said:

"It is settled law in this state that the owner of property abutting upon a highway which is graded or changed by the public authorities has no right of action against the town or municipality unless such right is given by express statute. At common law there is no such liability. It is unnecessary to cite authorities to support such a plain proposition."

Further consideration of the merits of the claim leads to an examination of the question: Is the owner of premises on a street whose grade has been changed or closed at a place distant or remote from the owner's point of abutment on the street entitled to damages when direct access to his property is not interfered with? Elliott, in his work on Roads and Streets, lays down the rule and says:

"The great weight of authority is to the effect that the owner of property abutting on the street at a distance from a point of obstruction suffers no special or peculiar damage and cannot recover for any depreciation in the value of his property caused thereby, even when the railroad company is required by law to compensate the owners for all property damaged." Elliott, Roads & Streets (2d Ed.) § 815, p. 891, and cases cited; 3 Sedg. Dam. § 1182, p. 452; Id. § 1109.

It is generally held that the owners of property not abutting on the street vacated have no such property in the street as entitles them to damages where there is still left means of communication with other streets; and, whatever detriment or inconvenience they may suffer by the closing of a street, they must bear in common with the community at large for the public convenience and welfare. 27 Am. & Eng. Ency. of Law (2d Ed.) 116 and cases cited. The Legislature has power to pass an act for the closing of streets through such local officers as it shall choose. An act closing a street is not unconstitutional because it does not provide compensation to owners of adjoining lands, where another street is left giving access to such lands; for in such cases the owners sustain no actionable damages. It is quite plain from the diagram shown that there is a public way left to all parts of the property. Fearing v. Irwin, 55 N. Y. 486–490. In Kings County Fire Ins. Co. v. Stevens, 101 N. Y. 411, 5 N. E. 353, the Court of Appeals held:

"When authorized by the Legislature, the corporation may close a portion of a street, of which it owns the fee, without compensation to owners of lots on the street which do not front upon the portion closed, at least where there is other access to the lots of such owners."

Lot owners are not entitled to compensation because of the closing of a street at a railroad viaduct where a passage is provided around

the viaduct by other streets which furnish a ready access to the lots by a safer though longer route. Property owners whose lots do not abut on a street the grade of which has been changed, and have suffered no injury except that which indirectly results where a lawful improvement in one place leaves property in another place outside its benefits and less desirable, are not entitled to compensation. Remote or consequential damages are not allowed Meyer v. Erie R. R. Co., 166 N. Y. 69, 59 N. E. 706; Coster v Mayor, 43 N. Y. 399–414; Fries v. N. Y. & H. R. Co., 169 N. Y. 270, 62 N. E. 358. By reason of the above authorities, a conclusion is reached that the case of the claimant is remediless.

The state is engaged in a great public work of vast importance, involving the expenditure of an immense sum of money for the public welfare. Should the contention of the plaintiff be acquiesced in, it would open a flood gate for indirect, consequential, or remote damages to property, proximate or distant. The act does not provide for such payments. I do not think the Legislature intended, by inference, any such extension of the provisions of the law, and the court cannot legally enlarge them.

I am of the opinion the question should be answered in the negative, and judgment given for the state.

Judgment for the state.