In re WEST 151ST ST. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. February 28, 1908.)

MUNICIPAL CORPORATIONS (§ 386*)—CLOSING STREETS—COMPENSATION.

　　Laws 1895, c. 1006, permitting recovery for the closing of a street for property taken, affected, or damaged, does not provide for payment of damages to property not abutting on any part of a street which is closed, and which is bounded by other streets.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 929; Dec. Dig. § 386.*]

Proceedings by the City of New York for the closing of a street. Heard on report of commissioners awarding damages. Report referred back for revision.

James A. Deering, for damage claimant.
Francis K. Pendleton, for City of New York.

BLANCHARD, J. The commissioners herein have awarded damages to one Higgins, who owns property bounded by 152d street, 153d street, the railroad, and the premises of an adjoining owner, on the ground that such damages have resulted by reason of the closing of West 151st street from Riverside Drive extension to the United States bulkhead line. Higgins' property does not abut upon any part of the street affected by the closing.

Chapter 1006 of Laws of 1895 permits recovery in the event of the closing of a street, by proceedings similar to the present proceedings, only for damages by reason of the "rights or interests therein taken, affected or damaged." No limitation is expressed by the statute, and it must be presumed that, if the limitation of the range of damage was to be extended so as to include damage to property for which no liability had previously existed, this limitation would have been expressly so extended. Matter of Grade Crossing Commission, 46 App. Div. 478, 61 N. Y. Supp. 748; Id., 166 N. Y. 69, 59 N. E. 706. Prior to this statute the rule was well settled that no recovery for such alleged damage as is claimed herein could be had in this state. People v. Kerr, 27 N. Y. 192; Coster v. Mayor, 43 N. Y. 399; Kings County Fire Ins. Co. v. Stevens, 101 N. Y. 411, 5 N. E. 353; Reis v. City of N. Y., 113 App. Div. 465, 99 N. Y. Supp. 291; People ex rel. Winthrop v. Delany, 120 App. Div. 801, 105 N. Y. Supp. 746. This rule, it seems, has not been affected by the statute above mentioned.

The report is accordingly referred back to the commissioners for revision in the respect above indicated.