In re GRADE CROSSING COM'RS OF CITY OF BUFFALO. (Supreme Court, Appellate Division, Fourth Department. July 11, 1911.) Appeal from Special Term, Erie County. In the matter of the application of the Grade Crossing Commissioners of the City of Buffalo for the appointment of commissioners, etc. In re lands of W. H. Brush and others. Proceeding No. 90. From the orders made, the Erie Railroad Company appeals. Reversed. Moot, Sprague, Brownell & Marcy, for appellant. Spencer Clinton, for commissioners.

PER CURIAM. Orders reversed, with $10 costs and disbursements, and report set aside and remitted to the commissioners, and they are directed to separate the award made by them, so as to show the cost of the land taken and the amount of consequential damages sustained by the landowners by reason of the carrying out of the improvement directed to be made.

KRUSE, J. (dissenting). I think the land damages excepted from the provisions of the twelfth paragraph and covered by the fifteenth paragraph of the contract relate to consequential damages to real estate where no land is taken. Under the grade crossing act (Laws 1888, c. 345, as amended by Laws 1890, c. 255), where lands abut the street where the improvement is made, the damages thereto are recoverable, although no land is taken. Matter of Grade Crossing Commissioners, 154 N. Y. 550. 49 N. E. 127; Matter of Grade Crossing Commissioners, 166 N. Y. 69, 73, 59 N. E. 706.

Here a part of an entire tract was taken, and, as it seems to me, the land damage was merely incidentally involved. The difference in value between the entire tract, brickyard and all, as it was before any was taken, and the value of what was left, was the measure of damages. Matter of Grade Crossing Commissioners, 6 App. Div. 327, 40 N. Y. Supp. 520; Matter of Grade Crossing Commissioners, 59 App. Div. 498, 69 N. Y. Supp. 152; Matter of Grade Crossing Commissioners, 116 App. Div. 549, 101 N. Y. Supp. 928; Matter of Grade Crossing Commissioners, 166 N. Y. 69, 74, 59 N. E. 706. It is true that the question of damage to the remainder was inquired about, and that is always so where land is taken. The entire tract was owned by the Brush heirs, and the damages stipulated at a fixed sum and awarded to the holder of the mortgage which covered the tract. I think both orders should be affirmed, the one confirming the report as well as the order of Judge Pound refusing to send it back. I do not see how Judge Pound had any authority to make such an order as he was asked to make, in any view of the case, for that would practically be reviewing the order confirming the report.

