### In re GOLDMAN.

(Supreme Court, Special Term, Schenectady County. December 21, 1911.)

1. MUNICIPAL CORPORATIONS (§ 386*)—CLOSING OF STREETS—DAMAGES.
    Where property which does not abut on the street which is closed by ordinance of a city is accessible from all directions over public streets, the owner has no remedy against the city for damages, though it will

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be necessary to approach one of the public streets by a somewhat circuitous route because of the closing of the street.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 929; Dec. Dig. § 386.*]

2. MANDAMUS (§ 155*)—AVERMENTS OF RESPONDENT'S AFFIDAVITS—CONCLUSIVENESS.

Where an applicant for mandamus insists on his right to a peremptory writ on the averments of his petition and affidavits and the affidavits of respondent, the court must take as true the affidavits of respondent.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 155.*]

Application of Leopold Goldman for a writ of mandamus to compel the City of Schenectady and its corporation counsel to proceed to appoint commissioners of appraisal of damages resulting from the closing of a street. Denied.

Del. B. Salmon, for applicant.
Daniel Naylon, Jr., for respondents.

J. A. KELLOGG, J. The applicant here has applied for a writ of mandamus directing the city of Schenectady and its corporation counsel to proceed to have appointed commissioners of appraisal to appraise and determine the damages to which the applicant is entitled by reason of the closing of a street in the city of Schenectady known as "Mill Lane." It appears that, as authorized by the charter of the city, its common council, by ordinance adopted May 23, 1910, duly closed a certain public street in said city known as "Mill Lane."

The applicant here is the owner in fee of the premises situated at No. 9 Broadway, about 100 feet northwesterly from the street. Broadway, running in a northeasterly direction, reaches upon a grade the tracks of the Delaware & Hudson Company's Railroad. Formerly this street continued across the railroad track, and connected with a street known as Washington avenue. About 10 years ago the extension of Broadway beyond the track of the railroad company was discontinued; but there existed at that time and continued to exist, until the action taken by the common council of the city, this street known as "Mill Lane," which, diverging from Broadway at the point of intersection of the railroad at an oblique angle, formed a method of communication from the end of Broadway at the railroad track and the River road. Prior to the closing of the street therefore, it was possible to proceed from the premises of the applicant to the end of Broadway, and there turning to the left, and crossing various railroad tracks at a grade to continue to the "River Road" through "Mill Lane." On account of the closing of this street, the applicant, claiming to be injured, demands that the city officials take proceedings to have his damages appraised.

[1] It appears, however, from the papers and maps in evidence that the premises of the plaintiff are accessible from all directions over public streets, and, although it would be necessary to approach the street known as "River Road" by a somewhat circuitous route owing to the closing of Mill Lane, no actionable damage has been suffered

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the plaintiff and no remedy exists as against the city. Coster v. Mayor of Albany, 43 N. Y. 399, 414; Fearing v. Irwin, 55 N. Y. 486; Matter of Grade Crossing Commissioners, 166 N. Y. 69, 59 N. E. 706; Reis v. City of New York, 188 N. Y. 58, 80 N. E. 573.

Under these authorities, inasmuch as the property of the plaintiff does not abut upon the street which has been closed and the said property is still accessible from public streets, the plaintiff has no right to claim damages against the city, and the application should be denied.

[2] Since the argument the applicant has filed an additional affidavit disputing some matters of fact set forth in the answering affidavit as to the accessibility of the River road from the premises of the plaintiff. Inasmuch, however, as the applicant still insists upon his right to a peremptory writ the averments contained in the respondents' affidavits must be, upon this application, taken to be true. People v. Keating, 168 N. Y. 390, and cases cited on page 399, 61 N. E. 637.

The respondents should be allowed costs in the matter, but I think $25 will be sufficient for that purpose.

An order may be entered accordingly.