or any reliance thereon should be denied. Defendant W. & J. Sloane desires leave to serve a proposed supplemental answer setting up specifically the various proceedings resulting in the judgment dismissing the complaint as to Astor, the failure to appeal as to Astor from this judgment, the payment to Astor in reliance of the subsequent proceedings above recited, and other matters which have taken place since the commencement of the action. Even if it should be held that Astor and the locus in quo are released from all liability under and by virtue of the plaintiff's lien by reason of the judgment dismissing the complaint and the failure of the plaintiff to appeal therefrom as to Astor, yet, as indicated by the language of the prevailing opinion in the Appellate Division in this case, the money payment to W. & J. Sloane by Astor may be held, upon the new trial which has been ordered as to W. & J. Sloane, to be a substitute for the "real property improved." In that event it takes the place of a portion of the original locus in quo, equivalent in value to the sum of money so paid over, and as to it the rights of the lienor became fixed as of the time of filing of the lien. This being so, no subsequent action or proceedings of the parties could in any way affect the substantial right of the lienor (Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017), and it would therefore be improper to allow a supplemental answer to set up allegations which, in the circumstances, would be immaterial.

Settle order upon notice.

---

(120 App. Div. 742)

NEW YORK CENT. & H. R. R. CO. v. MARSHALL et al.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

EMINENT DOMAIN—COMPENSATION—GROUNDS—DESTRUCTION OF EASEMENTS.

    Where defendant had owned a strip along a river, but had sold a railroad right of way through it, reserving certain rights of access and crossing over it, in proceedings to condemn an additional strip along the right of way, which would cut off the part along the river from the balance, without allowing the easements reserved in the sale of the original right of way, the damage resulting from the loss of the right of access and crossing should be considered in fixing the damage, notwithstanding Laws 1890, p. 1093, c. 565, § 32, relating to farm crossings, since its application is questionable, and the easements formerly reserved would be practically destroyed.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 221, 284.]

Appeal from Special Term, New York County.

Condemnation proceedings by the New York Central & Hudson River Railroad Company against Fielding L. Marshall and others, executors, etc. From an order confirming the report of commissioners, defendants appeal. Reversed and remanded.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and LAMBERT, JJ.

Howard R. Bayne, for appellants.
George H. Walker, for respondent.

McLAUGHLIN, J.   This proceeding was instituted to acquire by condemnation a strip of land about 11 feet wide and 523 feet long, situate in the borough of the Bronx, New York City alongside of two lines of railroads leased to and operated by the plaintiff.   The land in question was owned by the defendants, and the commissioners appointed to ascertain and appraise the compensation to be made to them reported that there should be paid the sum of $3,507.60.   It is from the final order, which confirmed this report, that this appeal is taken.

The material facts are practically undisputed.   The defendants owned a tract of land along the east side of the railroad, a portion of which was the strip in question.   They also owned the land directly across and on the west of the railroad, a tract of substantially the same length and extending west about 140 feet to the bulkhead line of the Harlem river; the two parcels having been originally a single tract before the conveyances to the plaintiff's lessors of the land now occupied by the railroad.   These conveyances reserved to the grantors certain rights of access and crossing over the land conveyed between the property along the river and that on the upland.   The appellant's contention is that the effect of the acquisition by the plaintiff of this strip of land along the river over which they have no right to cross is to deprive them of the right of access to the water front property from the parcel on the other side of the tracks, and that they were entitled to the consequential damages resulting, being the difference in value of the property along the river as it was before the strip was taken in this proceeding, and as it is now with the right of crossing cut off.

It is evident that the award made included nothing but the value of the fee of the land taken, for the only witness who testified as to the value of the land estimated the fee alone at exactly the amount awarded, and a letter signed by the chairman of the commission expressly so stated; the attorney for the plaintiff consenting that this letter be attached to and filed with the report.   The respondent seeks to justify the award on the ground that the opinion of the defendant's witness as to the consequential damage to the property along the river was purely speculative and formed no basis for an award for consequential damages, and the rights of crossing reserved in the conveyances before referred to are no greater than those secured by section 32 of the railroad law (Laws 1890, p. 1093, c. 565).

It is true the property lying on the west of the railroad is entirely unimproved and for the most part under water, and it may be difficult to determine to what extent it has been depreciated in value; but that is no reason why an award should not be made.   That its value would be more with the right of such access than without it is clear, and it is also clear that the rights reserved in such conveyances have been destroyed.   It is no answer to the assertion that the plaintiff should be awarded the consequential damages which naturally and legitimately flowed from the destruction of these rights to say that section 32 of the railroad law secures to the defendant access to this strip.   This section, which provides that every railroad corporation shall erect and maintain "fences on the sides of its road of height and strength suffi-

cient to prevent cattle, horses, sheep, and hogs from going upon its road from the adjacent lands, with farm crossings and openings with gates therein at such farm crossings, whenever and wherever reasonably necessary for the use of the owners and occupants of the adjoining lands," apparently applies only to cases where the railroad intersects farming lands.

In Buffalo Stone & Cement Co. v. D., L. & W. R. R. Co., 130 N. Y. 152, 29 N. E. 121, cited by the respondent as showing this section to be applicable to the case at bar, the land for which the crossing was sought was a farm upon which stone quarries had been opened. The court, in construing the statute, said:

"The statute does not limit the right of adjoining owners to crossings solely for agricultural purposes; but they may be ordered to enable owners to remove the natural products of the land, like stone and minerals."

In the case now before us no such situation exists, and it may well be doubted whether the statute applies to such property; and, if it does, I have very serious doubts as to whether, if the defendants should desire a crossing for the purpose of establishing communication with docks and piers which may be hereafter constructed along the river front, they could obtain one under this statute. Obviously a doubtful statutory right of this kind is not equivalent to the right which they had through deeds of conveyance. One was absolute, and the other is at least problematical.

The principle upon which compensation is to be awarded to an owner, part of whose lands are taken under condemnation proceedings, is that he shall receive the value of the land taken and a fair and adequate compensation for the injury to the residue. Newman v. M. E. R. Co., 118 N. Y. 618, 23 N. E. 901, 7 L. R. A. 289, and cases cited; South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301, 68 N. E. 366. In the South Buffalo Case it was said:

"Considering the principle involved, unembarrassed by legal decisions, it is reasonable that where the state, in the exercise of the right of eminent domain, sees fit to take the property of the citizen without his consent, paying therefor such damages as are the result of the taking, the commissioners in the condemnation proceedings should not only be permitted, but required to award the owner a sum that will fully indemnify him as to those proximate and consequential damages flowing from this act of sovereign power."

What the award should have been we do not, of course, pretend to say; but the defendants must have sustained some consequential damage by reason of the condemnation of this land, since it virtually destroyed easements secured to them by deed, and some compensation should have been made therefor. Any other conclusion would result in the taking of property or property rights through condemnation proceedings without making compensation to the owner.

The order appealed from, therefore, must be reversed, and the matter remitted to the commissioners, to proceed in accordance with the views herein expressed, with costs and disbursements to the appellants. All concur.