DRESSER v. MERCANTILE TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. FRAUD—DECEIT—PURCHASE OF STOCK—LIABILITY.

Plaintiff may not recover from defendants for fraud practiced on the general public to induce underwriting of securities of a trust where plaintiff did not underwrite nor subscribe for any of them, though he bought stock in a trust company, because of anticipated profits to accrue to it under its engagement with defendants to act as the trust's bank of deposit, etc., if the general public should purchase the securities exploited by defendants.

2. ACTION—ELECTION OF REMEDIES—CONTRACT ON TORT.

Where a breach of contract is permeated with tort, the injured person may elect to waive the contract and recover in tort.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 196–215.]

3. BILLS AND NOTES—ACTION ON—PLEADING—SUFFICIENCY.

Allegations that defendants agreed to pay notes negotiated by plaintiff at maturity and failed to do so sufficiently show a breach of contract by nonpayment.

4. SAME—FAILURE TO PAY AT MATURITY—PRESUMPTION.

Failure to pay a note at maturity raises a presumption of continuous nonpayment, and the burden is on him sued on the note to overcome it.

5. PLEADING—COMPLAINT—SUFFICIENCY.

A count in a complaint in an action for deceit and on a note, alleging that plaintiff was "forced to lose" certain property, but not stating the facts which caused the loss and the manner of losing, insufficiently states a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 12–28½.]

6. SAME—INTENDMENTS.

Every reasonable intendment should be had in favor of the sufficiency of a pleading, but speculation may not be resorted to to determine what are issues.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 66–75.]

On Reargument.

7. SAME—DEMURRER.

On demurrer for insufficiency, a complaint must be upheld if it states facts sufficient to constitute a good cause of action of any kind, and a complaint stating a cause of action in contract will be sustained, though plaintiff intended to plead in tort.

Action by Daniel Le Roy Dresser against the Mercantile Trust Company and others. Demurrers to causes of action partly overruled and partly sustained, with leave to plaintiff to amend.

See 118 App. Div. 901, 103 N. Y. Supp. 1123, and 53 Misc. Rep. 18, 102 N. Y. Supp. 569.

The following are the opinions of Carr, J., at Special Term:

The first cause of action in the complaint attempts to set forth either two causes of action or two items of damage arising from one cause of action. The defendants demur to it on two grounds, as follows: (a) That it fails to state facts sufficient to constitute a cause or causes of action; (b) that in it are improperly joined a cause of action for a tort and one on contract, both of which do not arise out of the same transaction. After a careful consideration of the somewhat voluminous allegations contained therein, I am of opinion that it does not set forth facts sufficient to constitute a cause of action for deceit against the defendants in relation to the alleged item for damages aris-

ing from the plaintiff's purchase of stock in the Trust Company of the Republic.
The fraudulent practices complained of, as alleged, were directed to the gen-
eral public for the purpose of inducing underwriting of the securities of the
so-called "Shipbuilding Trust." The plaintiff does not claim that he under-
wrote or subscribed to any of such securities, relying upon the truth of the
representations made by the defendants. He says he bought the stock in the
Trust Company of the Republic because that company had been engaged by
the defendants as a bank of deposit for the "Shipbuilding Trust," and as its
medium for the issue of its bonds and the registrar of its stock and as an
agent to solicit subscriptions for underwritings under terms which would net
it a profit of about $1,500,000 if the defendants should succeed in their scheme
of exploiting their securities. This expected profit to the trust company would
necessarily increase the value of its own stock; and, relying upon these an-
ticipated profits, the plaintiff bought, not the securities which the defendants
were endeavoring to sell, and as to which the alleged fraudulent representations
were made, but securities in which the defendants had no apparent interest,
and as to which they made no representations whatever. The trust company
might have failed to reap these anticipated profits, even though the representa-
tions of the defendants were true in fact, as the scheme of exploitation could
have failed through the indifference of the public in regard to the proposed in-
vestment. Likewise, the trust company might have reaped the anticipated
profit, even though the defendants' representations were fraudulent, if a suf-
ficiently large portion of the public had been gulled into buying the securities,
and thus enabled the trust company to earn its commissions from the defend-
ants. It seems clear to me that, within the rules which govern the common-
law action of deceit, there is no direct or necessary connection between the
alleged fraud of the defendants and the plaintiff's purchase of stock in his
own trust company, which was influenced concededly by his estimate of the
profits which would accrue to it if the general public should purchase the
securities exploited by the defendants. Therefore no cause of action is set
forth on this point. Jex v. Straus, 122 N. Y. 293, 25 N. E. 478; Brackett v.
Griswold, 112 N. Y. 454, 20 N. E. 376; Barber v. Morgan, 51 Barb. 116. The
authorities cited by the plaintiff on this proposition seem to me easily dis-
tinguishable. As to the next item of damage set forth in the first cause of
action, a different question arises. I refer to the $990,000 item predicated on
the alleged failure of the defendants to pay certain notes negotiated by the
plaintiff. The defendants contend that, in relation to this item, the plaintiff
attempts to state a cause of action on contract, and fails to set forth facts
showing a breach of contract by nonpayment. The plaintiff contends that he
sues, not in contract, but in tort, and that he has pleaded sufficiently. If a
contract is permeated with tort, no doubt the plaintiff may elect to recover in
tort and waive the contract. Whether he sues in tort or in contract does not
seem to me to be important at present; for it seems to me that if, as the de-
fendants contend, he is suing actually on contract, he has pleaded sufficiently
a breach by nonpayment on the part of the defendants.

The plaintiff alleges that the defendants agreed to pay the notes in question
"at maturity." He alleges, further, that they failed to pay the notes at ma-
turity. This is a clear allegation of a breach. There is nothing in the Lent
Case, 130 N. Y. 504, 29 N. E. 988, to the contrary. In that case there was no
allegation whatever of a failure to pay; and hence no allegation of a breach.
Here there is a distinct allegation of a failure to pay the notes when they be-
came due, and therefore of a breach of the alleged contract. The failure to
pay at maturity raises a presumption of continuous nonpayment which is
incumbent upon the defendants to meet by affirmative allegations and proof.
In Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, there is an instruc-
tive discussion of this question, although the question which arises here was
not up for decision there. In that case the action was not on a contract for
the payment of money, but to recover an unpaid legacy. Some differences
arose in the court as to the true doctrine to be applied as to the burden of
proof as to payment or nonpayment. It was held by the majority of the court
that in an action to recover on a contract to pay money the burden of proof
was on the defendant to prove payment (Cullen, O'Brien, Haight, and Gray,
JJ.). Vann, J., who held, where the action was not on a contract to pay money,

but where payment was in issue, the burden to show nonpayment was on the plaintiff, admits that in an action on a contract for the payment of money it is sufficient for the plaintiff to allege and prove a breach at maturity, "as the presumption of nonpayment continues until met by the allegation of payment." Opinions page 268 of 181 N. Y., page 1031 of 73 N. E., ut supra.

I am of opinion, therefore, that the complaint states a good cause of action in the first cause of action as to the $990,000 item, whether it sounds in tort or on contract. As to the second and third causes of action, I think they do not state sufficient facts to constitute good causes of action. Properly speaking, they are not separate causes of action, but simply separate items of damage in some way sought to be connected with the matters set forth in the first cause of action. The plaintiff simply alleges that he was "forced to lose" certain property, but the facts which brought about this loss, and the manner of losing, are not alleged. The statements are naked conclusions. It may be imagined from the complaint that he was "forced to lose" these properties through going into bankruptcy, but there is no allegation that this was the fact, or that his bankruptcy was caused by any acts of the defendants; and if by any such acts, whether it resulted from his loss in the trust company stock venture or from the note incident, or from both. Every reasonable intendment should be had in favor of the pleader, but no resort can be had to mere guesswork in order to know what are the issues in an action.

The demurrers to the first cause of action should be overruled, and the demurrers to the second and third causes of action should be sustained, with leave to plaintiff to serve an amended complaint.

### On Rehearing.

The well-settled rule of testing a complaint on demurrer for insufficiency requires the complaint to be upheld if it states facts sufficient to constitute a good cause of action of any kind whatsoever. Abbey v. Wheeler, 170 N. Y. 122–127, 62 N. E. 1074.

I have held that the first cause of action is good, as sounding in contract. The plaintiff believes that it is good as showing a cause of action in deceit. The defendants claim that it does not show a good cause of action in deceit, and that the demurrer should be sustained because the plaintiff admits orally that he intended to plead in tort. It makes no difference whatever, on a demurrer, what may have been the plaintiff's theory in framing his pleading, if the actual pleading sets up a good cause of action whether in tort or ex contractu. On the trial he may be compelled to elect between the possible theories. If he elects to stand on his theory of fraud and makes out simply a cause of action on contract, he may lose his case. It is not for the court on a demurrer for insufficiency to concern itself with any question beyond the one involved, namely, Does the complaint state facts sufficient to constitute a good cause of action of any character?

No cases to the contrary are cited, and I have never heard the rule questioned before. I see no reason for making any change in my former disposition of the case.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Frederick W. Frost, for plaintiff.
William F. Goldbeck, for defendant Mercantile Trust Co.
Wm. L. Kitchell, for defendant McCook and others.

PER CURIAM. Interlocutory judgment affirmed, with costs, on opinions of Carr, J., at Special Term.