---

(127 App. Div. 534.)

NEW YORK CENT. & H. R. R. CO. v. MARSHALL et al.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. EMINENT DOMAIN—ABANDONMENT OF PROCEEDING—GROUNDS.

Code Civ. Proc. § 3374, providing that, on application of plaintiff in condemnation proceedings within 30 days after the entry of the final order, the court may "in its discretion and for good cause shown" authorize the abandonment of the proceeding, does not give an absolute right to plaintiff to discontinue a proceeding, and the court should not, without the gravest reasons, long after the confirmation of the report of commissioners on plaintiff's motion permit a discontinuance and a recommencement.

2. SAME.

Where a railroad company took possession of a strip of land along a river front, and so changed its condition as to render the owner's right of access to the land between the strip and the water front practically valueless, and then instituted proceedings to condemn the strip taken, it could not, after the reversal of the order confirming, on its motion, the report of the commissioners awarding damages for the land taken, without awarding consequential damages for the land not taken, abandon the proceedings with a view of commencing new proceedings to condemn the land and give the owner the right of access to the land between the strip sought and the river front; the offer to continue such right under the changed conditions being of no value.

Appeal from Special Term.

Condemnation proceedings by the New York Central & Hudson River Railroad Company against Fielding L. Marshall and others to condemn lands. From an order directing a discontinuance of the proceedings, defendants appeal. Reversed.

See 105 N. Y. Supp. 686.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Howard R. Bayne, for appellants.
George H. Walker, for respondent.

SCOTT, J. The defendants appeal from so much of an order as permits plaintiff to discontinue this proceeding, and to recommence

proceedings to condemn certain real property, con isting of a strip of land situate in the borough of the Bronx, in the city of New York, about 11 feet in width and about 523 feet long. This strip of land lies along the easterly line of the roadbed of the railway now owned and operated by plaintiff. The defendants also own land to the west of the railway, and certain lands under water lying to the east of the strip sought to be condemned. The lands occupied by the railroad, 65 feet in width, were formerly owned by the defendants or their predecessors in title, and were acquired by plaintiff under deeds which reserved to the grantors, to whose rights defendants succeed, "the right of all needful roads and other crossings, and free access over and across said premises with teams, carts, carriages, and other vehicles over and across any railroad tracks that may be laid thereon"; the obvious purpose of the reservation being to reserve to said grantors free access from their lands lying to the west of the railroad to their lands lying to the east thereof, including the land under water. The acquisition by plaintiffs of the unqualified fee of the strip now sought to be acquired would effectually prevent such access, and leave the land under water entirely cut off from defendants' property lying west of the railroad. Before this proceeding was begun, negotiations were had between plaintiff and the defendants. It was proposed by defendants that plaintiff should take all of the defendants' land lying east of the railway, including the land under water. This proposition was rejected. It was also proposed by defendants that they should convey to plaintiff the strip of land desired, subject to the same or similar covenants as to access over the land as were contained in the deeds for the property now owned and occupied by the railroad. This proposition was also rejected by the plaintiff, which declined to accept any other except a deed in fee simple, subject to no covenants as to use by defendants for purposes of access. It therefore became necessary to acquire the property by condemnation proceedings. In order to facilitate the plaintiff in making certain improvements it desired to carry out, defendants executed a lease to plaintiff of the strip in question "for the purpose only of placing thereon telegraph poles upon which wires are to be strung and used, * * * but all other uses of said strip of land not inconsistent with the said erection and maintenance of said telegraph poles and wires is hereby reserved by the said parties of the first part and excepted from the terms of this lease." The plaintiff above covenanted that it would make any alteration in said lands, "except so far as may be necessary for the purpose of erecting and maintaining on said premises telegraph poles and wires in connection therewith." The plaintiff further covenanted and agreed that, in default of agreeing with the owners upon a price to be paid for said land, it would "begin in good faith a proceeding to acquire title by condemnation to the said premises hereinbefore described not later than thirty days before the expiration of this lease, or of any renewal or extension of the same." The plaintiff went into possession of this strip of land under this lease, and has continued in possession thereof ever since. It did erect telegraph poles and string wires as the lease permitted it to do, but also, contrary to the terms of the lease, erected other structures consisting of a concrete retaining wall 192 feet long,

10 or 12 feet high, about 6 feet wide at the base and 4 or 5½ feet wide at the top, and extending 4 feet below the surface of the ground on its westerly face, also a substantial fence along the easterly line of the premises for the whole length, except for so much thereof as the retaining wall is erected upon. The condemnation proceeding provided for in the lease, being the present proceeding, was begun in due course and went to judgment; commissioners of appraisal being appointed. By the petition the plaintiff sought to acquire the strip of land in fee simple without qualification or condition, and entered judgment accordingly. The commissioners made a report, which upon plaintiff's motion was confirmed at Special Term. Upon appeal to this court the order of confirmation was reversed, because it appeared that the commissioners had awarded only the value of the strip of land standing by itself, and had made no award for the consequential damage to the plaintiff's land under water which would or might be injuriously affected by the deprivation of access over the strip to be acquired. The matter was therefore referred back to the commissioners to proceed in accordance with the opinion of this court that the award should include such consequential damages. 120 App. Div. 742, 105 N. Y. Supp. 686. The plaintiff thereupon moved at Special Term for an order amending the petition and judgment herein, and that the petition and judgment as amended stand as the petition herein, or that the judgment be vacated and a new judgment be entered in conformity thereto. The court in refusing the particular relief asked for made the order appealed from permitting the plaintiff to discontinue this proceeding and begin de novo, thus in effect, though not in form, granting plaintiff all the relief it desired. The amendment sought radically changed the proceeding. By the original petition it is stated that the public use for which the land is required for "additional right of way upon which to construct a track or tracks, and to place thereon construction for electrical operation and also for proper retaining wall."

By the proposed amended petition, the public use for which the land is required is stated to be the erection and construction thereon of the structures which have been already put thereon and which have been hereinbefore briefly described. The description of the land to be acquired is sought to be qualified by describing it as subject to the right of the defendants, their heirs, executors, administrators, and assigns owning or occupying the adjacent land at all proper times to have complete access to and from the land under water at all necessary and convenient points, etc. The purpose of the amendment, of course, is to avoid the effect of the former decision that the defendants are entitled to consequential damages. In our opinion the plaintiff should neither have been allowed to amend the petition and judgment, nor to discontinue this proceeding and begin de novo. There is no objection, of course, to amending the petition with respect to stating the use to which it is proposed to put the land when acquired, but the objection is to amending the description of the land to be taken so as to take the fee qualified by the reservation of a right of passage in behalf of defendants. It is true that during the negotiations preliminary to condemnation the defendants offered to convey to plaintiff the fee

of the land, subject to the same reservation with which plaintiff now seeks to qualify the title to be acquired by it. But the circumstances have greatly changed. Then it proposed merely to erect a few telegraph poles on the land, and, as the natural contour of the land permitted, a right of access over the land would have been practical and of substantial value. Now, the plaintiff has so dealt with the land that for a considerable part of its length access across it would be quite impracticable, and, as to the rest, would be difficult and of doubtful value, and by the amended petition it is proposed to continue the structures that have produced this result. Section 3374 of the Code of Civil Procedure provides that the court may "in its discretion, and for good cause shown," authorize and direct the abandonment and discontinuance of a proceeding of this nature. In our opinion the plaintiff has not shown such good cause as would justify the court in exercising its discretion to permit the proceedings to be discontinued. The statute does not give an absolute right to the condemnor to discontinue a proceeding, and it is quite clear that the court should not, without the gravest reasons, long after the report of the commissioners has once been confirmed on plaintiff's motion, permit an amendment, or, what is the same thing, a discontinuance and recommencement. Formerly a proceeding could not be discontinued against the defendants' objection after a final order confirming the commissioners' report had been made, for it was considered that the relation of vendor and vendee had thereby been created (Matter of Rhinebeck & Conn. R. R. Co., 67 N. Y. 242), and it did not matter that upon an appeal from the final order the matter was sent back for further appraisement. Under the present condemnation law (section 3374, Code Civ. Proc.), a motion to discontinue may be made within 30 days after the entry of the final order, but the spirit both of the former law and of the present is that a discontinuance must be moved for promptly if it is to be considered favorably. The plaintiff has by his own acts rendered the right of access practically valueless certainly much less valuable than it was before plaintiff took possession of the land. To offer to continue that right under the changed conditions is to offer that which is of no value and unsubstantial.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to amend the petition and judgment denied, except in so far as concerns the proposed amendment relating to the uses to which the land is to be put when acquired. All concur.