## In re WEST 151ST STREET IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

1. MUNICIPAL CORPORATIONS (§ 657*)—PUBLIC IMPROVEMENTS—STREETS—VACATION—PROCEEDINGS—AMENDMENT—DISCRETION OF COURT.

Appellant owns land extending from 151st street to 152d street on both sides of Twelfth avenue; the property east thereof being a strip extending to a railroad right of way on the east, the property west of Twelfth avenue extending therefrom west to the bulkhead·line of a river, both tracts being below high-water line, and the westerly end of 151st street and the greater part of Twelfth avenue being under water. East of appellant's property, and beyond the railroad, the city is now constructing a drive extension across, and at a level of some 20 feet above, 151st street, which has been legally opened and is the only means of access to plaintiff's property from the city, and intends to bring the grade of that street east of the extension up to the extension, leaving a wall or embankment west thereof, so as to practically prevent access to 151st street from appellant's property. Appellant having enjoined the city from so obstructing 151st street, it took proceedings under Laws 1895, p. 2037, c. 1006, to close that street west of the extension, and substantial damages were awarded appellant. Pending the final report of the commissioners, the board of estimate and apportionment undertook, pursuant to Greater New York Charter (Laws 1901, p. 199, c. 466) § 422, to re-establish 151st street from the railroad to the bulkhead line, which would leave it open abutting appellant's property, but without access thereto from east of the railroad, practically the same as before the injunction was issued. On motion of the city an order was allowed, under Laws 1895, p. 2052, c. 1006, § 15, authorizing the court at any time to amend any defect or infirmity in proceedings thereunder, or to cause property included therein to be excluded therefrom, amending the proceeding by discontinuing it as to that part of 151st street between the railroad and the bulkhead line. *Held*, that the city was not entitled to amend the proceeding as a matter of right, and, since the re-establishment of the part of 151st street west of the railroad would leave appellant no access east, and was a mere device to deprive her of damages, the proceedings to reopen that street would be treated as for the opening of a new street, and not an amendment, and the allowance of the amendment to discontinue the proceeding as to that part of the street was an improper exercise of discretion.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 657.*]

2. MUNICIPAL CORPORATIONS (§ 657*)—STREETS—CLOSING—TIME—"CLOSED."

Under Laws 1895, p. 2037, c. 1006, a street is legally "closed" when the board of estimate and apportionment adopts proper resolutions to that end and the map is filed and commissioners of appraisal appointed; but the actual physical closing of the street is postponed until other access is provided by the opening of other streets, or, if no access is provided, until the resulting damages have been ascertained and paid to the abutting owners.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 657.*

For other definitions, see Words and Phrases, vol. 2, pp. 1231, 1232.]

Appeal from Special Term, New York County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the application of the City of New York for the discontinuance and closing of West 151st street, etc. From an order amending the proceeding by discontinuing it as to a part of the street, Jessie Gillender, an abutting owner, appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles De Hart Brower, for appellant.
Thomas C. Blake, for respondent.

SCOTT, J. In this proceeding to discontinue and close West 151st street, from the easterly side of Riverside Drive Extension to the bulk-head line in the north of Hudson river, Jessie Gillender appeals from an order, entered on motion of the corporation counsel, so amending the proceeding as to discontinue it as to that portion of the street which lies between the right of way of the New York Central & Hudson River Railroad Company and the bulkhead line. The facts which underlie this proceeding were quite fully discussed in Gillender v. City of New York, 127 App. Div. 612, 111 N. Y. Supp. 1051, and it will be unnecessary to do more than briefly state them now. The appellant is the owner of certain lands on either side of Twelfth avenue, extending from West 151st street to 152d street. The property east of Twelfth avenue extends to the right of way of the New York Central & Hudson River Railroad Company and comprises a strip about 11 feet in width on West 151st street, and running along Twelfth avenue to 152d street. The property west of Twelfth avenue extends from that avenue to the bulkhead line from the northerly line of 151st street to the southerly line of 152d street. Both parcels were obtained originally through a water grant from the mayor, aldermen, and commonalty of the city of New York to Richard Carman in 1852, and both parcels are below the high-water line as it then existed. Under the grant the city retained title to the bed of Twelfth avenue and 151st and 152d streets, to be used for street purposes. 151st street was legally opened on April 19, 1876, and is now physically opened, except where it lies under water, and constitutes the only means of access to appellant's property from the rest of the city. Appellant's property is rented to various tenants, and 151st street has been used by her and her tenants as the sole means of access to the property.

To the east of said premises there is now being constructed a public improvement known as the "Riverside Drive Extension," at a level of upwards of 20 feet above 151st street. As originally designed it was proposed to carry 151st street under the Extension by means of an archway, which would leave the street open and unobstructed. Subsequently action was taken by the local authorities to change the grade of 151st street (and other streets) east of the Extension, so as to bring such grade up to the level of that of the Extension. The result of thus changing the grade of 151st street east of the Extension, and leaving it unchanged to the west thereof, would be to build a wall 20 or 30 feet high across 151st street at the Riverside Drive Extension, and thus effectually cut off all practicable access to appellant's property through that street, the westerly end of which lay in the waters

of the Hudson river. Twelfth avenue is also for the most part under water and has never been actually opened. It was thus proposed to isolate appellant's property and destroy its usable value. Under these circumstances, in an action brought by the present appellant against the city of New York, an injunction pendente lite was granted restraining the city and its contractors from closing or obstructing said 151st street, so as to deprive the appellant and her tenants from using the same as a means of access to her property. In his opinion rendered on granting the motion for an injunction the learned justice at Special Term suggested that proceedings should be taken, under chapter 1006, p. 2037, Laws 1895, to legally close as much of 151st street as lay west of the Riverside Drive Extension. This suggestion was adopted, and proceedings were initiated for closing the street, and commissioners of estimate and appraisal appointed. A motion was then

made to dissolve the above-mentioned injunction. This motion was denied at Special Term, and the order denying it affirmed by this court. Gillender v. City of New York, supra. The commissioners of estimate and assessment made a report in which they awarded to appellant substantial damages for the destruction of her private easements in 151st street. This report was not confirmed, and the matter was referred to new commissioners, who have also reported, awarding to appellant reduced, but still substantial, damages.

Pending the final report of the last-mentioned commissioners, the board of estimate and apportionment undertook, pursuant to the provisions of section 442 of the Greater New York charter (Laws 1901, p. 199, c. 466), to re-establish and relocate West 151st street from the right of way of the New York Central & Hudson River Railroad to the bulkhead line in the Hudson river, thus attempting to re-establish 151st street in front of appellant's property. The result of this would be to leave plaintiff's property in precisely the position it was when this court enjoined the obstruction of 151st street. There will be no

street east of the railroad right of way, between it and the Riverside Drive Extension, and no practicable access to appellant's property, and yet the street will be legally established in front of her premises. The appellant apprehends, and not without reason, that the result of this action may be to deprive her of all claim for damages by reason of the partial discontinuance of the proceeding, because the part of the street upon which her property abuts will remain technically open. Matter of Grade Crossing Commission, 46 App. Div. 478, 61 N. Y. Supp. 748; Id., 166 N. Y. 69, 59 N. E. 706; Coster v. Mayor, 43 N. Y. 399; Kings County Fire Ins. Co. v. Stevens, 101 N. Y. 411, 5 N. E. 353; Reiss v. City of New York, 113 App. Div. 465, 99 N. Y. Supp. 291, affirmed 188 N. Y. 58, 80 N. E. 573; People ex rel. Winthrop v. Delany, 120 App. Div. 801, 105 N. Y. Supp. 746, affirmed 192 N. Y. 533, 84 N. E. 1118. At the same time, if that portion of 151st street lying between the Riverside Drive Extension and the railroad right of way is fully discontinued as a public street, the city may have a plausible ground for urging that the pending injunction against obstructing 151st street should be dissolved.

The present motion is made under section 15, c. 1006, Laws 1895, which provides that:

"The court shall have power at any time to amend any defect or informality in any of the special proceedings authorized by this act that may be necessary, or to amend any description, or to cause other property to be included therein, or property included therein to be excluded therefrom, or to permit any person having an interest therein to be made a party thereto, or to relieve from any default, mistake or irregularity, or to direct such further notice to be given to any party in interest as it deems proper."

In so far as this provision vests discretion in the court to amend the proceedings, we certainly should not exercise that discretion in such a way as to work a manifest and serious injustice to a property owner proceeded against in invitum. N. Y. Cent. & H. R. R. R. Co. v. Marshall, 127 App. Div. 534, 112 N. Y. Supp. 33. We do not consider that the city is entitled, as matter of strict right, to the amendment of the proceedings. West 151st street, from Riverside Drive Extension to the bulkhead line, became legally closed and ceased to exist as a public street when the appropriate resolutions to that end were adopted by the board of estimate and apportionment, the map filed, and commissioners of appraisal appointed. The appellant's right to damages then accrued. Matter of Walton Avenue (Sup.) 116 N. Y. Supp. 471. Owing to the peculiar situation of the property, however, it was considered that the appellant should be permitted to enjoy her private easements in the street until the amount of her damage had been ascertained and paid. Gillender v. City of New York, supra.

As has been frequently pointed out, "closing" of a street under the act of 1895 has two meanings. So far as the legal discontinuance of the street is concerned, it becomes complete when the prescribed map is filed indicating the proposed change. The physical closing, by which is meant the discontinuance of the use of the former street for street purposes, is, however, postponed until other means of access is provided by the opening of other streets, or, if no other mode of access is provided, until the damages to the abutting owners have been ascer-

tained and paid. Matter of Jerome Avenue, 192 N. Y. 459, 85 N. E. 755; Johnson v. Cox, 42 Misc. Rep. 301, 86 N. Y. Supp. 601, affirmed 124 App. Div. 924, 108 N. Y. Supp. 1136; Gillender v. City of New York, supra. When the resolution was adopted and the map filed showing the discontinuance of 151st street west of the Riverside Drive Extension, that portion of the street was discontinued and ceased to be. The resolution and map adopted and filed later did not amount technically to an amendment or partial rescission of the proceeding by which the former street was closed, but looked to a new and original street opening proceeding, precisely as if no street had ever existed at that location.

It doubtless would be convenient to treat the proceeding for the relocation of 151st street as a practical rescission pro tanto of the former proceeding for closing it, and if no injustice would be done thereby such a course might not present any practicable objection. It is apparent, however, that the attempted relocation and reopening of a disconnected fragment of 151st street, which will be wholly under water, or very nearly so, and which will give no access to the other parts of the city, is a mere device to deprive the appellant of her damages. We are of opinion, therefore, that the city of New York is not entitled to amend the proceedings in the manner permitted by the order appealed from, either as matter of strict right or in the exercise of judicial discretion.

The order appealed from is therefore reversed, with $10 costs and disbursements. All concur.