Proceedings by the City of New York for the closing of a street. Heard on report of commissioners awarding damages. Report referred back for revision.

James A. Deering, for damage claimant.

Francis K. Pendleton, for City of New York.

---

(67 Misc. Rep. 510.)

In re NEW AVENUE, FROM 178TH ST. TO 181ST ST., IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   May 26, 1910.)

1. EMINENT DOMAIN (§ 85*)—ACQUISITION OF LAND FOR STREET—DAMAGES.
   Where a city takes for a street a lane over which a right of way exists by grant in favor of abutting owners, the abutting owners are not entitled to damages for loss of easements, since the street, when opened, will afford all that the easements represent, and, on the street being closed, compensation for loss of easements of light, air, and access will be made.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 221–226; Dec. Dig. § 85.*]

2. EMINENT DOMAIN (§ 106*)—ACQUISITION OF LAND FOR STREET—DAMAGES.
   A city, taking for a street a lane over which a right of way exists by grant in favor of nonabutting owners, thereby extinguishes the easements of the nonabutting owners, with no right to compensation, under Laws 1895, c. 1006, on the closing of the street, and denying to them the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right of access over the bed of the lane, and the city must make compensation for the easement.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 282–289; Dec. Dig. § 106.*]

Application by the City of New York for the acquisition of land for a street to be known as Pinehurst Avenue. On motion to confirm the report of the commissioners. Objections sustained in part, and report remitted to the commissioners.

The proceeding was brought for the opening of a public street running north and south from 178th street to beyond 181st street, west of Ft. Washington avenue. The portion of it between 180th and 181st streets embraces and laps over part of an old private road which formerly ran from the dock at the foot of 181st street east, then south, and then again east, to Ft. Washington avenue. Other parts of this old road had previously been taken in condemnation, and now constitute, respectively, portions of 180th and of 181st streets. This old road connected with another old road, which was made a public street some years ago under the name of Northern avenue. Certain property owners fronting on the latter avenue, but located at some distance from the proposed improvement, appeared in this proceeding and claimed substantial awards, on the ground that they had title from the common (ancient) owner by deeds, which contained express grants of the easements of access and right of way over the whole of the old road, a part of which was now being condemned. There was a tripartite contest—the city claiming that the easements did exist, but that their owners were entitled to only nominal awards; the fee owner claiming that the easements had no existence and had been extinguished by the taking of a part of the old road in the 181st street proceeding, in which these parties received an award; whereas the nonabutting easement owner claimed that these easements still existed with reference to the land now taken, that they constituted "property," and that a substantial award should be made for them. The evidence taken before the commissioners showed that the difference of the value of the old lane now taken, with or without these easements, was between $14,000 (the lowest estimate given by any of the experts) and $28,000 (the highest); and the commissioners made a specific finding that the easements of the nonabutting claimants did in fact still exist, and that these easements diminished the value of the lane "by a sum representing the value of said easements." They declined, however, to make an award for them; and the easement owners opposed confirmation of the report in that respect.

Chas. A. Malloy, Asst. Corp. Counsel, for City of New York.
H. G. Smith, for fee owners.
Benno Lewinson, for easement owners.

McCALL, J. Part of the property taken in this proceeding was delineated as a lane, over which a right of way existed by grant in favor of owners whose property abutted upon the street (new avenue) now to be opened, and also in favor of owners whose property does not so abut, and yet who still have access to the lane over other streets. The awards to the abutting owners have included no item of damage for the loss of the easements in the lane, and properly, since the street, when opened, affords all that the easement represents (Matter of 116th St., 1 App. Div. 437, 37 N. Y. Supp. 508), and if the street should be closed compensation for the loss of the easements of light, air, and access would then be made (Gillender v. City, 127 App. Div. 616, 111 N. Y. Supp. 1051; Swain v. Schonleben, 130 App. Div. 521, 115 N. Y. Supp. 23).

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

As to nonabutting owners, however, the statute (Laws 1895, c. 1006) apparently gives no right to compensation for the closing of a street (Matter of Grade Crossing, 46 App. Div. 473, 61 N. Y. Supp. 748; Id., 166 N. Y. 69, 59 N. E. 706; Matter of 151st Street, Blanchard, J.) 123 N. Y. Supp. 343, and yet all the interests of these nonabutting owners in the lane—their easement secured to them by grant—have been extinguished in this proceeding, with no compensation, or future right to compensation, if through the closing of the street access over the bed of the old lane be afterward denied them. This is not the case of a right of way of necessity, for which other streets may be deemed a substitute. It is an easement by grant of actual and additional value, and compensation for the taking of that easement should be made.

That this easement has a substantial value has been found by the commissioners, and the finding is expressed in the lessened award to the owners of the fee of the lane. This finding was undoubtedly correct, since I fail to perceive reasonable ground for holding that the easement of these nonabutting owners over the land now taken was affected by the taking of other portions of the lane in other street opening proceedings. As appears, what was then taken was the lane, with its easements, so far as covered by the particular proceeding then brought, and the right of access over the remainder of the lane was not affected. The report should therefore be sent back for correction of the awards, in order that damages may be awarded to the nonabutting owners.

So far as complaint is made as to the assessments for benefits, I fail to find grounds for disturbing the report. The "block by block" rule has been substantially followed, and while there is a disparity between blocks in the gross amount of the assessments, and so in the assessments laid for distinct parcels, this is mainly traceable to the difference in the size of the blocks affected. The actual benefits afforded were within the province of the commissioner of assessments to determine, and I am not disposed to disagree with the result reached upon the record before me.

The report will be sent back for correction of the awards as noted in this memorandum, to the end that compensation may be made to nonabutting owners for the taking of their easements. In other respects the objections are overruled.